Samuel LASCIO and Fay
Lascio, Appellants,

v.

BELCHER ROOFING CORP., and Holy
Redeemer Hospital Inc., Holy Redeemer
Hospital, Holy Redeemer Hospital and
Medical Center, Medifac Architects, Inc.
and Barclay–White, Inc., and McKeon,
Inc., and Glass & Metal Erectors, Inc.

Superior Court of Pennsylvania.

Argued Sept. 18, 1997.

Filed Oct. 30, 1997.

Joel P. Fishbein, Philadelphia, for Barclay–White, Inc. appellee.

John T. Carty, Philadelphia, for Glass & Metal Erectors, Inc. appellee.

Before CIRILLO and CERCONE,
President Judges Emeritus, and
MONTEMURO, Judge. *

CIRILLO, President Judge Emeritus.

Samuel and Fay Lascio (the Lascios) appeal from an order granting Appellee Barclay–White, Inc.'s (Barclay–White) motion for judgment notwithstanding the verdict (j.n.o.v.) on the basis that it was a statutory employer. We reverse and remand for a new trial limited to the issue of whether Samuel Lascio was an employee or independent contractor of Barclay–White.

Appellee, Barclay–White, a general contractor, was awarded a construction contract to make certain improvements to Holy Redeemer Hospital. On May 27, 1988 Barclay–White entered into a contract with McKeon (the subcontractor) to do certain aluminum and glass work. McKeon, in turn, subcontracted the labor portion of that contract to its wholly-owned subsidiary Glass and Metal Erectors, Inc. (the sub-subcontractor). Samuel Lascio, an employee of Glass and Metal Erectors, was injured when he fell from the roof of Holy Redeemer Hospital. Lascio fell as he was attempting to cross a raised center section of the roof while holding onto a windowsill.

The Lascios filed negligence claims against Barclay–White and Glass and Metal Erectors. Glass and Metal Erectors was dismissed from the case because it was immune from tort liability as a statutory employer. See 77 P.S. § 52. Barclay–White also moved for dismissal based on the statutory employer defense, but the trial court reserved consideration of the motion until after the jury verdict. The jury found Barclay–White negligent and returned verdicts totaling $1,350,-400.00 ($1,800,000.00 for Samuel Lascio and

$300,000.00 for Fay Lascio, less 36% comparative negligence). After the jury verdict and further consideration of Barclay–White's motion, the trial court granted j.n.o.v. for Barclay–White on the statutory employer defense. It is from this order that the Lascios appeal. The Lascios raise three issues for our consideration.

1) Is Barclay–White a statutory employer of Samuel Lascio, an employee of a sub-subcontractor?

2) Is payment of Workers' Compensation benefits to an injured employee a prerequisite to claiming the protection of the statutory employer defense?

3) Did Barclay–White waive the statutory employer defense in its contract with McKeon?

■ Judgment n.o.v. is proper only in a clear case. *Lokay v. Lehigh Valley Cooperative Farmers, Inc.*, 342 Pa.Super. 89, 94, 492 A.2d 405, 407 (1985). Judgment n.o.v. will be entered only where the facts are such that no two reasonable minds could fail to agree that the verdict was improper. *Dougherty v. Conduit & Foundation Corp.*, 449 Pa.Super. 405, 410, 674 A.2d 262, 264 (1996). An appellate court will reverse a trial court ruling only if it finds an abuse of discretion or an error of law that controlled the outcome of the case. *Id.*

■ The first issue raised by the Lascios is whether a general contractor can apply the statutory employer defense against a claim brought by the employee of a sub-subcontractor. Section 52 of the Workers' Compensation Act sets forth the "statutory employer" defense. 77 P.S. § 52. That section provides:

An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe.

* Retired Justice assigned to the Superior Court.

To claim the protection of the statutory employer defense, the following five elements must be present:

1) An employer who is under contract with an owner or one in the position of an owner.

2) Premises occupied by or under the control of such employer.

3) A subcontract made by such employer.

4) Part of the employer's regular business entrusted to such subcontractor.

5) An employee of such subcontractor.

*Travaglia v. C.H. Schwertner & Son*, 391 Pa.Super. 61, 65, 570 A.2d 513, 515 (1989) (citing *McDonald v. Levinson Steel Co.*, 302 Pa. 287, 153 A. 424 (1930)). The Lascios argue that Barclay–White does not meet element three because Barclay–White does not have a direct contract with his employer. The Lascios further argue that Barclay–White does not meet element five because Mr. Lascio is not the employee of anyone who does have a contract with Barclay–White. In other words, the Lascios claim, there must be a direct contractual relationship between the general contractor and Lascio's employer. This argument was raised and rejected in *Qualp v. James Stewart Co.*, 266 Pa. 502, 109 A. 780 (1920).

In *Qualp*, the James Stewart Co., the general contractor, entered into a contract with Hibbs, a subcontractor, to perform work required by Stewart's contract with the owner. Hibbs, in turn, contracted with Wolfarth & Greenfield, a sub-subcontractor, to perform some of the work. An employee of Wolfarth & Greenfield was killed on the job. In determining whether the James Stewart Co. was a statutory employer, the court said:

The essential consideration is, that the work of the original contractor, to be performed under his contract, was entrusted to a contractor (a subcontractor being under this designation), to be carried out as part of the original contractor's regular business. The act did not intend to limit the "hiring a laborer" to a "contractor" standing in immediate contractual relation with the employer (original contractor); it intended to include those laborers or employees who did work in furtherance of the employer's business.

*Id.* at 508, 109 A. at 781. *See also Dume v. Elkcom Co., Inc.*, 368 Pa.Super. 280, 287, 533 A.2d 1063, 1067 (1987) (holding "privity of contract is not required between the general contractor and the actual employer of the injured workman for purposes of liability for workmen's compensation benefits"). The Lascio's argument must fail on this point because, as this court has held, there is no requirement of an immediate contractual relationship for statutory employer immunity. *Qualp, supra; Dume, supra*.

■ The second issue raised by the Lascios is whether a general contractor can claim statutory employer immunity if it has not paid workers' compensation benefits. This issue was resolved in *Cranshaw Construction v. Ghrist*, 290 Pa.Super. 286, 434 A.2d 756 (1981). In *Cranshaw*, the court explained:

"[I]n negligence cases, the general contractor has the full immunity from suit by the employee of a subcontractor which an immediate employer would have. He is the statutory employer and is the injured employe's employer for negligence immunity purposes and is secondarily liable for compensation even though the immediate employer or some other immediate subcontractor ... is insured and responds fully on the injured employe's claim. The reason for this difference cannot be found in the language of the statute, but the rationale must be that, since the general contractor remains statutorily liable, although only in a reserve status, in return for this he has the statutory employer's immunity from statutory employe negligence suits in all events."

*Id.* at 291, 434 A.2d at 758 (quoting Barbieri, 1 *Pennsylvania Workmen's Compensation & Occupational Disease*, § 4.09(3) (1975)). *Accord, O'Boyle v. J.C.A. Corp.*, 372 Pa.Super. 1, 538 A.2d 915 (1988).

■ The Workers' Compensation Act is a compromise. *Brinker v. Greensburg*, 409 Pa. 110, 185 A.2d 593 (1962); *Keller v. Old Lycoming Township*, 286 Pa.Super. 339, 428 A.2d 1358 (1981). Its purpose is to protect employees by establishing quick and certain compensation for work-related injuries and resultant loss of earnings without wasting

time and expenses on litigation. *Wagner v. National Indemnity Co.*, 492 Pa. 154, 422 A.2d 1061 (1980). The statutory employer immunity is given in exchange for the potential liability for workers' compensation benefits regardless of whether those benefits are actually paid. *Cranshaw*, 290 Pa.Super. at 291, 434 A.2d at 758. Failure to pay benefits, therefore, is no grounds to abrogate the statutory employer status and the Lascios' argument on this point must fail. *Cranshaw, supra.*

In their third issue, the Lascios argue that Barclay–White has waived the statutory employer defense by including an independent contractor clause in their contract with McKeon. Fairly read, this argument is actually an attack on Barclay–White's ability to meet the first element of the statutory employer defense, specifically, whether Barclay–White qualifies as "an employer" with respect to Samuel Lascio. A contractor cannot claim statutory employer immunity with respect to an independent contractor. *See, e.g., Robson v. Martin*, 291 Pa. 426, 140 A. 339 (1928); *Strunk v. Keller*, 75 Pa.Super. 462 (1921). *See also Rolick v. Collins Pine Co.*, 925 F.2d 661 (3d Cir.1991) (holding that an independent contractor could not be a statutory employee of the general contractor). Therefore, for Barclay–White to prevail on the statutory employer defense, Samuel Lascio must be deemed an employee of Barclay–White. The difficulty for Barclay–White is the existence of the following clause in its contract with McKeon:

ARTICLE X. INDEPENDENT CONTRACTOR

With respect to CONTRACTOR, the SUBCONTRACTOR and any sub-subcontractors shall perform the Work as independent contractors. The parties agree that **persons hired by** the SUBCONTRACTOR or by **the sub-subcontractor** in the course of the performance of the Work **shall not be deemed to be the employees of CONTRACTOR for any purposes whatsoever.**

(emphasis added). The trial court granted j.n.o.v. for Barclay–White without finding that Samuel Lascio was, in fact, an employee rather than an independent contractor. To

affirm that judgment would create a presumption against the validity of independent contractor clauses. This we will not do. Such a holding would allow Barclay–White to ignore that clause and claim immunity in tort but assert that same clause in defense of an action for Workers' Compensation benefits. This court will not sanction a practice that runs contrary to the legislative compromise that provides tort immunity in exchange for fixing no-fault liability for Workers' Compensation benefits. *See Brinker, supra; Wagner, supra; Cranshaw, supra.*

This court addressed the effect of an independent contractor clause on the first element of the statutory employer defense in *Pastore v. Anjo Constr. Co.*, 396 Pa.Super. 58, 578 A.2d 21 (1990). In *Pastore*, we explained that the court is not controlled by the names used by the parties to describe their relationship. Rather, the court must look to the entire body of the contract and its purpose to determine the legal effect. *Id.* at 65, 578 A.2d at 25 (quoting *Capozzoli v. Stone & Webster Engineering Corp.*, 352 Pa. 183, 186–87, 42 A.2d 524, 525 (1945)). *Accord Rolick, supra* (contractual labelling of worker as independent contractor does not determine legal status; the court must also evaluate the surrounding circumstances). We, therefore, remand this case for a determination of whether Samuel Lascio was an employee or an independent contractor.

Legions of cases have been argued on this point and a list of determining factors has developed. Our supreme court, in *Zimmerman v. Public School Employees' Retirement Bd.*, 513 Pa. 560, 522 A.2d 43 (1987), stated that a court must consider the following factors in determining whether a person is an employee or independent contractor:

Control of manner work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one employed is engaged in a distinct operation or business; which party supplies the tools; whether payment is by the time or by the job; whether work is part of the regular business of the employer, and also the

right to terminate the employment at any time.

*Id.* at 563, 522 A.2d at 45 (quoting *Hammermill Paper Co. v. Rust Engineering Co.*, 430 Pa. 365, 370, 243 A.2d 389, 392 (1968)). *Accord Budzichowski v. Bell Telephone Co.*, 503 Pa. 160, 469 A.2d 111 (1983).[1]

In conclusion, Barclay–White's own contractual insistence that all subcontractors and their employees are independent contractors requires that we remand for a finding on that issue.

Order reversed. Case remanded. Jurisdiction relinquished.

---

1. As an alternative basis upon which to affirm, Barclay–White urges that *Carrender v. Fitterer*, 503 Pa. 178, 469 A.2d 120 (1983), dictates that Barclay–White owed no duty to Mr. Lascio. In *Carrender*, the plaintiff parked on a patch of ice, alighted from her car and proceeded to traverse the ice by holding onto another vehicle. The Plaintiff's own testimony revealed that other parking places were available that were not icy and the court held that plaintiff assumed the risk as a matter of law. At trial in this case, there were substantial questions about whether Barclay–White had a duty to provide ladders and safety equipment to Lascio, whether the ladders were long enough to reach both sides of the roof, and the necessity for Appellant to cross the roof. We cannot say on this record that Appellant voluntarily assumed the risk of a known and obvious danger and, therefore, *Carrender* does not control the outcome of this appeal.