Gerald McCARTHY and Nancy
McCarthy, Husband and
Wife, Appellants,

v.

DAN LEPORE & SONS CO., INC.,
Henderson Construction, Waco International, Cutler Construction, & Butler
Manufacturing, Appellees.

Superior Court of Pennsylvania.

Submitted June 3, 1998.

Filed Dec. 22, 1998.

Reargument Denied March 4, 1999.

Eric G. Marttila, Philadelphia, for appellants.

James K. Brengle, Wayne, for appellees.

Before KELLY, J., and CERCONE, President Judge Emeritus, and MONTEMURO, J.*

* Retired Justice assigned to the Superior Court.

KELLY, J.:

Appellant, Gerald McCarthy ("McCarthy"), asks us to determine whether Appellee, Dan Lepore & Sons Co., Inc. ("Lepore"), qualifies as a statutory employer. Specifically, we must address Lepore's "statutory employer" status with respect to Appellant, who was an employee of Lepore's subcontractor on the construction site where the injuries occurred. Under the law as it exists in this jurisdiction, we hold that Lepore is a "statutory employer" of its subcontractor's employee. Accordingly, we affirm the trial court's grant of summary judgment in favor of Lepore on that basis.

The relevant facts and procedural history of this appeal are as follows. In May, 1986, the Trustees of the University of Pennsylvania ("TUP") entered into a written contract with Henderson Construction Company, Inc. ("Henco"). Pursuant to the contract, Henco was to serve as the "construction manager" (general contractor) of a new clinical research building to be built on the University's premises. Henco hired more than fifty subcontractors to perform separate parts of the elaborate construction project. Lepore was one of the subcontractors hired by Henco. Lepore was hired to perform exterior masonry work on the building. Lepore signed a contract with Henco but not with TUP. Lepore then engaged Hamada as its subcontractor to waterproof the brickface of the building. Hamada was working under a verbal agreement with Lepore on a time and materials basis and had no contract with either Henco or TUP. Hamada employed McCarthy, a roofer, at the construction site.

As required by its contract with Henco, Lepore erected scaffolding to perform the exterior masonry work, including the waterproofing to be performed by Hamada. On July 7, 1988, McCarthy was up on the scaffolding inspecting a portion of the job when he leaned back against the crossbraces of the scaffolding. The scaffolding gave way and McCarthy fell seven stories to the ground. McCarthy sustained severe injuries and collected workers' compensation from his imme-

diate employer, Hamada. McCarthy then brought suit against other contractors on the site, including Lepore and Henco. McCarthy also sued the scaffolding manufacturer, Waco International Corporation.

As a result of the claim, Lepore joined other subcontractors, Cutler Construction Company and Butler Manufacturing Company, as additional defendants. Each of the additional defendants filed a motion for summary judgment. Following oral argument, all counsel agreed to the dismissal of the additional defendants and of the original defendants, except Lepore. The trial court granted the dismissed parties' motions for summary judgment in separate orders entered on July 24, 1997. Following further oral argument, the trial court also granted Lepore's motion for summary judgment based on the statutory employer defense. McCarthy timely filed this appeal.

On appeal, McCarthy raises the following issue for our review:

SHOULD [LEPORE] BE DEEMED [MCCARTHY]'S "STATUTORY EMPLOYER," AND, THEREFORE, IMMUNE FROM COMMON LAW LIABILITY, WHERE [LEPORE] WAS NOT UNDER CONTRACT WITH THE OWNER (OR ONE IN THE POSITION OF THE OWNER), WAS NOT OCCUPYING OR CONTROLLING ANY PORTION OF THE OWNER'S PREMISES, AND WAS NOT RESPONSIBLE FOR PAYMENT OF [MCCARTHY]'S WORKERS' COMPENSATION BENEFITS?

(McCarthy's Brief at 3).

Pennsylvania Rules of Civil Procedure, Rule 1035.2 governs summary judgment as follows:

### RULE 1035.2 MOTION

 After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be estab-

lished by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2. A proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the jury. Pa.R.C.P. 1035.2 *Note*. Where a motion for summary judgment is based upon insufficient evidence of facts, the adverse party must come forward with evidence essential to preserve the cause of action. *Id.* If the non-moving party fails to come forward with sufficient evidence to establish or contest a material issue to the case, the moving party is entitled to judgment as a matter of law. *Ertel v. Patriot–News Co.*, 544 Pa. 93, 674 A.2d 1038 (1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 512, 136 L.Ed.2d 401 (1996). The non-moving party must adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof such that a jury could return a verdict favorable to the non-moving party. *Id.* As with all summary judgment cases, the court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party as to the existence of a triable issue. *Id.*

 Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions. *Long v. Yingling*, 700 A.2d 508 (Pa.Super.1997), *appeal dismissed*, 1998 Pa. LEXIS 695 (1998) (citing *Butterfield v. Giuntoli*, 448 Pa.Super. 1, 670 A.2d 646 (1995), *appeal denied*, 546 Pa. 635, 683 A.2d 875 (1996)). In reviewing a grant of summary judgment, the appellate Court may disturb the trial court's order only upon an error of law or an abuse of discretion. *Id.* The scope of review is plena-

ry and the appellate Court applies the same standard for summary judgment as the trial court. *Albright v. Abington Memorial Hospital*, 548 Pa. 268, 696 A.2d 1159 (1997).

On appeal, McCarthy argues that Lepore may not assert the "statutory employer" defense to his negligence cause of action because Lepore is not a "statutory employer" as defined by the Workers' Compensation Act. Specifically, McCarthy claims that Lepore is not a "statutory employer" under the Act because Lepore (1) was not under contract with the owner of the premises or a contractor in the position of the owner; (2) was not occupying or controlling any portion of the owner's premises; and (3) was not responsible for payment of McCarthy's workers' compensation benefits. We disagree.

■ Section 52 of the Workers' Compensation Act defines the employers' liability to an employee of an employee or contractor permitted to enter upon the premises as follows:

> An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as his own employe.

77 P.S. § 52; *Lascio v. Belcher Roofing Corp.*, 704 A.2d 642, 643 (Pa.Super.1997). Employees may have more than one "employer" under the Act and all such employers are entitled to immunity under the Act provided that they meet the required conditions. *See Pastore v. Anjo Const. Co., Inc.*, 396 Pa.Super. 58, 578 A.2d 21 (1990).

■ Under the Pennsylvania Workers' Compensation Act, a contractor [1] need not be the general contractor on a construction project to qualify as a statutory employer. *Grant v. Riverside Corp.*, 364 Pa.Super. 593, 528 A.2d 962, 966 (1987), *appeal denied,* 518 Pa. 632, 541 A.2d 1391 (1988). This Court

has stated that a general contractor's subcontractor on a construction project may also qualify as a "statutory employer" with respect to its own subcontractor's employees. *Id. See generally Travaglia v. C.H. Schwertner & Son, Inc.*, 391 Pa.Super. 61, 570 A.2d 513 (1989), *appeal denied,* 527 Pa. 618, 590 A.2d 758 (1990). For a contractor who is not the general contractor to qualify as a "statutory employer" of its own subcontractor's employees, the contractor must satisfy three conditions. *See Grant, supra* at 966 (citing *Kieffer v. Walsh Construction Co.*, 140 F.Supp. 318 (E.D.Pa.1956)).

■ First, the contractor must be under contract with the owner of the premises or with a contractor who is in the position of the owner. *Id.* Second, the contractor must be in sole or common control of the job premises with a general contractor. *Id.* Third, the contractor must subcontract a part of its regular business to the subcontractor whose employee suffers an injury. *Id.* In this context, the key element of statutory employer status is the vertical relationship between the general contractor, the subcontractor, and the sub-subcontractor, whose employee was injured. *See generally Grant, supra; Travaglia, supra; Kieffer, supra.* The vertical relationship is essential to the test for statutory immunity because, by virtue of the vertical relationship, all of the contractors up the ladder remain potentially liable under the Act for payment of the injured employee's workers' compensation benefits. *See Menginie v. Savine*, 170 Pa.Super. 582, 88 A.2d 106 (1952) (where general contractor and subcontractor have workers' compensation insurance, subcontractor may be liable for Workers' compensation benefits of sub-subcontractor's employee); David Torrey & Andrew E. Greenberg, Pennsylvania Workers' Compensation: *Law* and Practice § 2.17 (where there is vertical relationship between general contractor, subcontractor, and sub-subcontractor, sub-subcontractor's employee looks "up the ladder" to the first insured contractor to collect workers' compensation

---

1. Section 25 of the Act defines "contractor" to include "a subcontractor to whom a principal contractor has sublet any part of the work which such principal contractor has undertaken." 77 P.S. § 25.

benefits). In the contractor/subcontractor context, this Court has recently reaffirmed that this vertical relationship provides immunity in exchange for the potential liability for workers' compensation benefits, regardless of whether those benefits are actually paid by the party claiming "statutory employer" status. *Lascio, supra* at 645 (*citing Cranshaw Construction v. Ghrist*, 290 Pa.Super. 286, 434 A.2d 756 (1981)).[2]

▆ In the instant case, Henco, the general contractor, contracted with Lepore to perform the exterior masonry work required on the building under construction. Lepore was under contract with the general contractor (Henco) who was a contractor in position of the owner.[3] *See Grant, supra.*

Further, Lepore was in common control of the job premises with Henco, as Lepore was in charge of the exterior masonry project while Henco remained in charge of the entire construction project.[4] *See Travaglia, supra; Grant, supra. See Dougherty v. Conduit & Foundation Corp.*, 449 Pa.Super. 405, 674 A.2d 262, 266 (1996), *appeal denied*, 546 Pa. 644, 683 A.2d 883 (1996) (citing *Colloi v. Philadelphia Elec. Co.*, 332 Pa.Super. 284,

481 A.2d 616 (1984) and *Donaldson v. Commonwealth, Dept. of Transp.*, 141 Pa.Cmwlth. 474, 596 A.2d 269 (1991)) (holding that the contractor need not have exclusive control of the job premises but must show actual control of the job premises, not just the right to control). *See also Pastore, supra* (stating that the contractor need not have control over the entire job premises, but only that part of the job premises where the injury occurred and holding that control over premises is established where contractor had responsibility and authority to direct, manage or operate the construction project where the injury occurred); *Mitchell v. W.S. Cumby & Sons, Inc.*, 704 F.Supp. 65 (E.D.Pa.1989), affirmed, 879 F.2d 858 (3rd Cir.1989) (stating that, under Pennsylvania law, employer has sufficient control of premises where it has control of area which encompasses site of accident). Moreover, McCarthy specifically admits that Lepore had control over the scaffolding from which McCarthy fell. In fact, Lepore owned the scaffolding and Lepore's foremen directed the work performed on the scaffolding by Hamada. Thus, we conclude that Lepore had control over the job premises where the injury occurred.[5]

---

**2.** This Court's holding in *Lascio* makes clear that actual payment of workers' compensation benefits is not necessary to assert "statutory employer" immunity. *Id.* at 644–45. Thus, McCarthy's assertion that Lepore may not claim "statutory employer" status because Lepore did not actually pay McCarthy's benefits is not an accurate statement of current Pennsylvania law.

**3.** Although McCarthy cites no cases in support thereof, he urges this Court to interpret "contractor in the position of the owner" to apply to the rare situation when the general contractor occupies the owner's premises for its own benefit, or for the purpose of constructing an improvement on the premises for its own benefit. (McCarthy's Brief at 21). For a subcontractor to assert "statutory employer" status, the first step is to show that the subcontractor is under contract with the owner of the premises or with a contractor in the position of the owner. *See Grant, supra.* "Contractor in the position of the owner" means a general contractor, who is under contract with the owner, occupies or controls the owner's premises, and is empowered by the owner to subcontract its regular business and permit such subcontractors to enter the premises. *See McDonald, supra* at 295, 153 A. at 426. This interpretation is consistent with this Court's cases which state that the key element for a subcontractor to claim statutory employer status is the

vertical relationship between the general contractor, subcontractor, and sub-subcontractor. *See Travaglia, supra; Grant, supra.*

**4.** This case requires a determination of whether a subcontractor meets the element of sole or common control over the job premises. There are numerous cases interpreting this concept in the context of a general contractor claiming "statutory employer" status. Appellant cites no authority for the proposition that a different standard applies where a subcontractor asserts "statutory employer" status. Therefore, we will look to the criteria applied in the context of a general contractor's assertion of "statutory employer" status.

**5.** McCarthy cites *Donaldson v. Commonwealth, Dept. of Transp.*, 141 Pa.Cmwlth. 474, 596 A.2d 269 (1991) for the proposition that the scaffolding is not a part of the job premises because it is merely Lepore's personal property. The portion of the *Donaldson* opinion cited by McCarthy has no relevance to the instant case as it addressed an issue involving the interpretation of "personal property" for purposes of sovereign immunity under 42 Pa.C.S.A. § 8522(b). *Id.* 596 A.2d at 279. We conclude that the scaffolding was part of the job premises because it was an integral part of the construction site, attached to the

 Finally, for a contractor under contract with the general contractor to maintain statutory employer status with respect to the subcontractor's employee, the contractor must show that it subcontracted a part of its regular business to the subcontractor. *See Grant, supra*. This statutory requirement is met when the subcontracted work is an obligation assumed by a principal contractor under its contract with the owner, or one in the position of an owner. *O'Boyle v. J.C.A. Corp.*, 372 Pa.Super. 1, 538 A.2d 915, 917 (1988) (citing *Jamison v. Westinghouse Electric Corp.*, 375 F.2d 465, 468 (3d Cir.1967); *Werner v. Big Sky Shop*, 630 F.Supp. 444, 447 (E.D.Pa.1985)).

Here, TUP employed Henco as the general contractor for a new clinical research building. Henco contracted with Lepore to perform the exterior masonry work on the building. Lepore then subcontracted with Hamada to waterproof the exterior masonry work that Lepore had completed pursuant to its contract with Henco. Thus, the requisite vertical relationship between Henco, Lepore, and Hamada is established. By virtue of that vertical relationship, Henco and Lepore were each potentially liable for McCarthy's Workers' compensation benefits if Hamada did not provide those benefits for McCarthy. *See Menginie, supra*. Pursuant to Pennsylvania law,[6] we conclude that Lepore is entitled to statutory employer status. *See Lascio, supra*; *Grant supra* (holding that subcontractor could not claim "statutory employer" status where vertical relationship between general contractor, subcontractor, and sub-subcontractor was not established).

Based upon the foregoing, we affirm the order of the trial court, which granted summary judgment in favor of Lepore.

Order affirmed.

---

building, and necessary to the completion of Henco's, Lepore's and Hamada's contractual obligations.

6. Statutory employer immunity has been criticized as absolving the contractor of any and all responsibility for negligent or grossly negligent conduct without imposing the corresponding duty to compensate the injured worker. However, the statutory scheme from which the common law tort immunity arises makes each of the vertically related contractors liable for workers' compensation benefits until such benefits are paid by one of them. In effect, each vertically related contractor stands in the same shoes as the immediate employer of the injured worker with respect to both liability for benefits and immunity from suit under a common law tort law. The employee covered by the Act exchanges his/her claims at law, which may be difficult to prove and time-consuming, for substantially certain compensation under the Act for injuries sustained on the job. While the arguments for and against statutory immunity abound, we recognize that the immunity provided under the Act involves the balancing of numerous complicated issues and cannot be viewed only from the position of the injured worker. Thus, until the legislature amends the Act or the Supreme Court overrules the cases cited herein, Pennsylvania law permits the statutory employer immunity to bar McCarthy's common law tort claims against Lepore.