**Harris v. Stark & Stark**

568

*Jeffrey B. McCarron*, for defendants Mattioni, Ltd., Joseph F. Bouvier and John McCarron.

*Eugene J. Maginnis* and *Jill M. Caughie*, for defendants Erlanger law firm, PLLC and Robert K. Erlanger.

*Josh M Greenbaum* and *Jill M. Caughie*, for defendants Henry Edward Van Blunk, Stark & Stark, P.C. and Liederbach Hahn Foy & Van Blunk.

*Charles L. Kamps III, Scott A. Blow* and *Patrick T. Hanley*, pro se defendants.

SNITE, *J.*, December 4, 2013—This is a case for wrongful use of civil proceedings under the Dragonetti Act and for abuse of process. It arises from two underlying cases brought and heard in the Philadelphia Court of Common Pleas Commerce Program. Douglas T. Harris, plaintiff in this case, was a party in both underlying cases. Before the court are defendants Henry Van Blunk, Stark & Stark, P.C., Liderbach, Hahn, Foy & Van Blunk, P.C., Robert Erlanger, and Erlanger Law Firm PLLC's Motion for Partial Summary Judgment, plaintiff's response in opposition thereto, and defendants' reply.

## PROCEDURAL HISTORY

The underlying proceedings arose out of a real estate purchase agreement ("purchase agreement") between defendants Charles Kamps, Patrick Hanley, and Scott Blow ("Individual Defendants"), their partnerships Philadelphia Waterfront Development ("PWD") and Philadelphia Waterfront Partners ("PWP") (collectively "PWP Plaintiffs"), and Churchill Development Group, LLC, Churchill Residential Development, LP, Churchill Commercial Development, LP (collectively "Churchill"), and their principal Joseph Logue ("Logue"), concerning

property located at 7777 State Road.

On August 18, 2006 Churchill purchased 100% of the membership interests in PWD and 75% of the membership interests in PWP from Individual Defendants.[1] Under the purchase agreement, Individual Defendants were to provide PWP's 2005 tax returns to Churchill by October 15, 2006.[2] By November 15, 2006 Churchill, acting through PWP, was required to obtain a loan commitment for the acquisition of the property located at 7777 State Road.[3] By December 15, 2006 Churchill, acting through PWP, was required to close on the purchase of 7777 State Road subject to reasonable extension as approved.[4] The purchase agreement further provided that Churchill, acting through PWP, had an additional thirty days to complete the tasks if Individual Defendants failed to provide timely tax returns.[5] If Churchill failed to timely comply with its tasks, 75% of the PWD interest and 75% of the PWP interest would revert to Individual Defendants.[6]

On October 12, 2006, Individual Defendants provided improperly executed copies of PWP's tax returns to Churchill.[7] Individual Defendants' failure to provide timely tax returns was a breach of their obligations under the purchase agreement thus allowing Churchill an additional thirty days to complete their tasks under the purchase agreement.[8] Therefore, Churchill had until December 14, 2006 to obtain a loan commitment and until

1. Am. Compl. ¶18.
2. Am. Compl. ¶19.1.
3. Am. Compl. ¶19.2.
4. Am. Compl. ¶19.3.
5. Am. Compl. ¶20.
6. *Id.*
7. Am. Compl. ¶21.
8. Am. Compl. ¶23.

January 13, 2007 to close on the property.[9] Individual Defendants began to assert that a reversion had occurred due to Churchill's failure to complete their tasks in the required time.[10] Churchill was able to obtain a loan commitment on December 6, 2006.[11] Churchill closed on the property on January 17, 2007.[12]

In January 2007 PWP Plaintiffs, represented by Moving Defendants in the instant action, filed a praecipe for a writ of summons against Churchill and Logue and a praecipe for lis pendens[13] as to the property arguing that a reversion had occurred under the purchase agreement ("PWP Action"). PWP Plaintiffs filed a complaint against Churchill, Logue, and Douglas T. Harris ("Harris") on April 7, 2007.[14] PWP Plaintiffs pursued claims of breach of contract, unjust enrichment, fraudulent conveyance, constructive trust, fraud, breach of fiduciary duty, and conspiracy against Logue and Churchill arguing that Logue and Churchill failed to perform under the terms of the purchase agreement resulting in a reversion of the property to PWP Plaintiffs.[15] PWP Plaintiffs pursued claims for fraudulent conveyance, fraud, breach of fiduciary duty, and civil conspiracy against Harris for his role as attorney for PWP Plaintiffs in the negotiation of the purchase agreement.[16] Prior to the trial, PWP Plaintiffs voluntarily dismissed the remaining claims against Harris,

9. *Id.*

10. Am. Compl. ¶24.

11. Am. Compl. ¶25.

12. Am. Compl. ¶32.

13. Logue and Churchill's Motion to Strike the *lis pendens* was granted on June 4, 2007.

14. An amended complaint was filed on May 21, 2007.

15. Logue and Churchill's Motion for Summary Judgment was granted in part and denied in part on January 21, 2009.

16. Harris' Motion for Summary Judgment was granted in part and denied in part on January 21, 2009.

terminating him as a party in the action. On April 15, 2010, following a bench trial, the court issued an order and opinion entering judgment against PWP Plaintiffs and in favor of Logue and Churchill.

Meanwhile, on June 21, 2007, Harris filed a complaint against Individual Defendants for breach of contract ("Harris Action").[17] Harris claimed that the Individual Defendants breached their obligation to pay Harris under the terms of the promissory note executed as consideration for business and legal work Harris performed throughout the negotiations with Logue and Churchill. The Harris Action proceeded to trial. The jury found that Individual Defendants breached their obligation to pay Harris. Harris was awarded judgment for the full amount of the promissory notes, plus interest and legal fees, on July 19, 2010. The court awarded Harris $525,000 (plus interest) and attorneys' fees and costs in the amount of $243,035.99 under the terms of the notes. Harris has not been able to collect on the judgment he received.

Harris filed a complaint in the present action on April 29, 2011. Harris asserts claims of wrongful use of civil proceedings and abuse of process against all defendants.[18] In the present action Harris alleges that he "was damaged because the judgments he has obtained in the Harris Action, and the [notes] that underlie them, were rendered substantially uncollectable."[19] Harris argues that it is the fault of defendants Henry Van Blunk, Stark & Stark, P.C.,

---

17. An amended complaint was filed on December 19, 2007.

18. On November 3, 2011 the court entered an order severing claims against individual defendant Scott Blow on account of initiation of bankruptcy proceedings. On April 4, 2013 the court entered an order severing claims against individual defendant Patrick Hanley on account of initiation of bankruptcy proceedings.

19. Defs.' Mot. Summ. J. ¶31.

Liderbach, Hahn, Foy & Van Blunk, P.C., Robert Erlanger, and Erlanger Law Firm PLLC ("Moving Defendants") that he has been unable to collect on the judgments against Individual Defendants.[20] In the instant action Harris seeks compensatory damages in the amount of his award in addition to monies associated with his collection efforts.[21] Moving Defendants file the instant motion for summary judgment to preclude Harris from seeking damages in the amount of the monetary judgments he was awarded on his claims against Individual Defendants in the Harris Action.

## DISCUSSION

The only issue before the court on Moving Defendants' Motion for Partial Summary Judgment is whether Harris can, in the instant case, recover from Moving Defendants the amount of the judgment he was awarded in the Harris Action against Individual Defendants.

Once the relevant pleadings have closed, any party may move for summary judgment.[22] "Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law."[23] Further, granting summary judgment is appropriate only when the evidentiary record shows the material facts are undisputed.[24] The trial court must view the record in the light most favorable to the non-moving party.[25]

---

20. Defs.' Mot. Summ. J. ¶59.
21. *Id.*
22. Pa.R.C.P 1035.2.
23. *Rausch v. Mike-Meyer*, 783 A.2d 815, 821 (Pa. Super. 2001).
24. *McCarthy v. Dan Lepore & Sons 4 Co., Inc.*, 724 A.2d 938, 940 (Pa. Super. 1998).
25. *Rausch*, 783 A.2d at 821.

To succeed in a cause of action for wrongful use of civil procedure, a plaintiff must allege and prove the following three elements: (1) that the underlying proceedings were terminated in his favor; (2) that defendant caused those proceedings to be instituted against the plaintiff without probable cause; and (3) harm has been caused to the plaintiff.[26] A plaintiff may recover "any pecuniary loss that has resulted from the proceedings."[27] However, a plaintiff must prove that the damages he is entitled to were causally related to the claims brought against him the in the underlying action.[28]

A common law abuse of process claim requires a plaintiff to show that the defendant (1) used a legal process against plaintiff; (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff.[29] The plaintiff must also establish that the legal process used against him caused the alleged harm.[30]

In the instant case, plaintiff asserts that he is entitled to collect from Moving Defendants, as damages, the value of the judgment he received against Individual Defendants in the Harris Action. To support this assertion Harris argues that the initiation of the PWP action was aimed at "preventing Logue and [Churchill] from obtaining financing for the development of the [p]roperty."[31] Plaintiff argues that for this reason the judgment awarded him in the

---

26. 42 Pa. Cons. Stat. Ann. §8351.

27. 42 Pa. Cons. Stat. Ann. §8351(4).

28. *See Morello v. Anastasio*, 24 Pa. D & C.5th 376, 384 (Pa. Ct. Com. Pl. 2012) (Bernstein, J.).

29. *Cruz v. Princeton Ins. Co.*, 925 A.2d 853 (2007) (quoting *Werner v. Plater-Zyberk*, 799 A.2d 776, 785 (2002)).

30. *See Shiner v. Moriarty*, 706 A.2d 1228, 1242 (Pa. Super. Ct. 1998).

31. *See* Am. Compl. ¶¶35, 37.

Harris Action was rendered "substantially uncollectable."[32]

It is undisputed that in the Harris Action Harris argued that the notes executed by Individual Defendants "were in exchange for work Harris did to get to get to [the] point [of sale]."[33] Payment was due to Harris irrespective of whether Individual Defendants' deal with Logue and Churchill survived.[34] In other words, the notes were executed as consideration for legal fees and expenses that Individual Defendants incurred for Harris' work completed months prior to the dispute that later arose between Harris and Individual Defendants and Logue and Churchill and Individual Defendants. Harris now "argues that 'the mechanics of payment' could not have worked unless Logue developed and sold the property."[35]

Individual Defendants remain obligated to pay the judgment awarded to Harris in the Harris Action. In the instant action Harris argues that the thwarted sale and development of the property was a result of the PWP Action.[36] However, Harris cannot establish that Individual Defendants failure to pay the judgment in the Harris Action was causally related to the claims asserted against him in the PWP Action.

The undisputed material facts establish that Harris' right to payment was not contingent on the successful sale or development of the property, the subject matter of the PWP Action. Therefore, Harris cannot sustain the burden of showing that the damages he seeks from Moving Defendants, payment of the judgment rendered

32. Defs.' Mot. Summ. J. ¶62.
33. Tr., Jul. 12, 2010 p. 87.
34. *Id.* at pp. 56-57, 86.
35. *See* Pl.'s Resp. ¶¶36-37.
36. *See* Am. Compl. ¶¶35, 37, 421.

against Individual Defendants in the Harris Action, are casually related to the claims brought in the PWP Action. The damages Harris seeks from Moving Defendants in the instant action are too attenuated to be considered "any specific pecuniary loss that has resulted from the proceedings."[37]

## CONCLUSION

In conclusion, I am granting Moving Defendant's Motion for Partial Summary Judgment on the basis that damages in the amount of monetary damages Harris was awarded on his claims against Individual Defendants are too attenuated. Harris is precluded from seeking damages in that amount.

## ORDER

And now, this 4th day of December, 2013, upon consideration of defendants Henry Van Blunk, Stark & Stark, P.C., Liederbach, Hahn, Foy & Van Blunk, P.C., Robert Erlanger, and Erlanger Law Firm, PLLC's Motion for Partial Summary Judgment, and any response in opposition thereto, it is hereby ordered that said motion is granted.

Plaintiff Douglas T. Harris is hereby precluded from seeking damages in the amount of monetary damages he was awarded on his claims against Charles Kamps, Ted Hanley, and Scott Blow.

---

37. 42 Pa. Cons. Stat. Ann. §8351(4).