J-S46033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH TUFARO AND LISA TUFARO, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| MILESTONE DEVELOPERS, INC., | : | |
| | : | |
| Appellee | : | No. 280 EDA 2015 |

Appeal from the Order entered on December 17, 2014
in the Court of Common Pleas of Carbon County,
Civil Division, No. 2009-3914

BEFORE: MUNDY, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED AUGUST 07, 2015**

Joseph Tufaro ("Joseph") and Lisa Tufaro (collectively "the Tufaros") appeal from the Order granting summary judgment in favor of Milestone Developers, Inc. ("Milestone"). We affirm.

On January 29, 2008, Joseph sustained a back injury and nerve damage to his right leg when he slipped and fell on snow and ice, which had accumulated at a residential construction site. Joseph was working as a laborer and foam technician for Kal's Insulation, Inc. ("Kal's). At the time of the incident, Milestone was the general contractor for Donald and Barbara Knabb ("the Knabbs") regarding the construction of a new home. Milestone subcontracted with Kal's to install the insulation.

The Tufaros filed a Complaint against Milestone on December 28, 2009, asserting claims of negligence and loss of consortium. On June 6,

2014, Milestone filed a Motion for summary judgment, arguing that it was immune from tort liability as a statutory employer of Joseph. The trial court granted the Motion. The Tufaros thereafter filed a timely Notice of Appeal.

On appeal, the Tufaros raise the following question for our review:

> Whether the Order of the trial court granting summary judgment in favor of [Milestone] must be reversed where genuine issues of material fact existed as to whether [Milestone] was the statutory employer of [Joseph,] and therefore entitled to immunity from suit pursuant to the terms of the Pennsylvania[] Workers' Compensation Act [("Act")[1]]?

Brief for Appellants at 5 (footnote added).

> Our scope of review of a trial court's order granting or denying summary judgment is plenary. We may not disturb the order of the trial court unless it is established that the court committed an error of law or abused its discretion. In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***Vazquez v. CHS Prof'l Practice, P.C.***, 39 A.3d 395, 397 (Pa. Super. 2012) (quotation marks, brackets, and some citations omitted).

---

[1] ***See*** 77 P.S. §§ 1-1041.1, 2501-2626.

The Tufaros argue that a genuine issue of material fact existed as to whether Milestone was the statutory employer of Joseph. Brief for Appellants at 14, 15-16. The Tufaros assert that Milestone was not the statutory employer of Tufaro and, therefore would not be immune from tort liability. *Id.* at 9. The Tufaros argue that Kal's was an independent contractor for Milestone, and that Kal's business was responsible for providing workers' compensation insurance to its employees for all the jobs that Kal's worked for Milestone. *Id.* at 15. The Tufaros contend that there is a genuine issue of fact as to the status of the relationship between Kal's and Milestone, which required the denial of summary judgment. *Id.*

> Pursuant to section 302(b) of the [Act], general contractors bear secondary liability for the payment of workers' compensation benefits to injured workers employed by their subcontractors. In this sense, general contractors have been denominated "statutory-employers" relative to workers' compensation liability, although they are not the common-law employers of subcontractor employees. The Legislature's purpose in imposing this status upon general contractors was remedial, as it wished to ensure payment of workers' compensation benefits in the event of defaults by primarily liable subcontractors.
>
> Concomitant with the treatment of traditional employers, statutory employers under [s]ection 302(b) enjoy a measure of immunity from liability in tort pertaining to work-related injuries for which they bear secondary liability under the Act. This Court has previously determined that this immunity pertains by virtue of statutory-employer status alone, such that it is accorded even where the statutory-employer has not been required to make payments.

*Sheard v. J.J. Deluca Co.*, 92 A.3d 68, 74-75 (Pa. Super. 2014) (citations and footnote omitted).

- 3 -

The Act defines a "statutory employer" as

[a]n employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employee or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employee or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employee.

77 P.S. § 52. The following five-factor test is used to determine whether a general contractor is a statutory employer:

(1) A general contractor who is under contract with an owner or one in the position of the owner;

(2) A premises occupied by or under the control of such general contractor;

(3) A subcontractor made by such general contractor;

(4) Part of the general contractor's regular business entrusted to such subcontractor; and

(5) The injured party is an employee of such subcontractor.

*McDonald v. Levinson Steel Co.*, 153 A. 424, 426 (Pa. 1930). "As a general rule, absent any concession, the status of an individual (*e.g.* 'general contractor,' 'independent contractor,' 'subcontractor') presents a question of law. *Sheard*, 92 A.3d at 75.

The evidence viewed in the light most favorable to the non-moving party established that Milestone was serving as the general contractor for the Knabbs for the construction of a house. N.T., 8/20/14, at 11-12. Milestone occupied and controlled the residence at the time of Joseph's injuries. *Id*. Milestone, which had entrusted Kal's with insulation on a

number of Milestone's other jobs, entered into a subcontract with Kal's to install insulation in the Knabbs' house. N.T., 10/9/14 at 8-9, 12-13.[2] Kalimootoo testified that Joseph was an employee of Kal's. *Id.* at 26. Kalimootoo also testified that Kal's was a subcontractor of Milestone. *Id.* at 8-9; *see also* N.T., 8/20/14, at 15 (wherein the Knabbs stated that they had no contact with Kal's).

Here, Milestone met all the factors of the *McDonald* test, and Milestone is the statutory employer of Joseph as a matter of law. *See*

---

[2] Leslie Kalimootoo ("Kalimootoo"), the owner of Kal's, stated that Kal's subcontracted with Milestone on a number of different jobs where Milestone was the general contractor. N.T., 10/9/14, at 13. Kal's and Milestone would not enter into a contract for each job. *Id.* at 13-14. Instead, Milestone would contact Kal's about a job, at which point Kal's would give Milestone an estimate. *Id.* at 14-15. Then, Milestone would decide whether or not to retain Kal's for the job. *Id.*

*McDonald*, 153 A. at 462; *see also Sheard*, 92 A.3d at 75.[3] Indeed, the evidence established that Milestone and Kal's had a typical contractor/subcontractor relationship. *See Sheard,* 92 A.3d at 75 (stating that "a conventional relationship between a general contractor maintaining control of a jobsite and a subcontractor implicates the statutory employer concept relative to employees of the subcontractor working there.") (citations omitted); *see also Patton v. Worthington Assocs.*, 89 A.3d 643, 649 (Pa. 2014) (stating that a business "entrusted by a general contractor with a portion of the work ... is a subcontractor because his contract is subordinate to and under the principal contract ... as regards to this transaction his contract is a dependent one, wherein he agrees to do all or a part of that which another has agreed to do.") (emphasis and quotations omitted). Moreover, Milestone is a statutory employer even

---

[3] We note that, the Tufaros rely upon *Lascio v. Belcher Roofing Corp.*, 704 A.2d 642 (Pa. Super. 1997) to support their claim that there is a genuine issue of fact regarding Milestone's statutory employer status. Brief for Appellants at 10, 15. In *Lascio*, the plaintiff was injured while working on a construction site for a sub-subcontractor and filed a negligence suit against the general contractor. 704 A.2d at 643. The trial court granted judgment notwithstanding the verdict to the general contractor on the basis of the statutory employer defense. *Id.* This Court reversed the decision of the trial court based on language in the contract between the general contractor and subcontractor, which stated that any employees of any sub-subcontractor were to be considered independent contractors "for any purposes whatsoever." *Id.* at 645. Here, Kalimootoo testified that the contract between Kal's and Milestone "did say that Kal's is a sub[contractor] or an independent [contractor]. I think [it] did have some wording in that." N.T., 10/9/14, at 24. Since the Tufaros have not demonstrated that the contract included an independent contractor provision, *Lascio* is inapplicable.

though they did not make workers' compensation payments. ***See Fonner v. Shandon, Inc.***, 724 A.2d 903, 907 (Pa. 1999) (stating that "[a] statutory employer who is not directly paying benefits to the injured employee of the subcontractor [is] entitled to immunity from a common law suit."). Thus, Milestone was a statutory employer of Joseph as a matter of law, and the trial court correctly determined that Milestone is immune from tort liability as a statutory employer.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2015