564 A.2d 251

**Mary Ellen WARD, Appellant,**

v.

**Lewis I. SERFAS, Patricia E. Serfas, Appellees**

Superior Court of Pennsylvania.

Submitted July 24, 1989.

Filed Sept. 25, 1989.

426

Michael J. Dowd, Athens, for appellant.

Richard D. Sheetz, Troy, for appellees.

Before ROWLEY, OLSZEWSKI and HESTER, JJ.

HESTER, Judge:

Mary Ellen Ward, appellant, appeals from the order entered March 7, 1989, which granted the preliminary objections of appellees and dismissed her complaint. We reverse and remand.

On March 12, 1988, appellant instituted this action against appellees, Lewis and Patricia Serfas. The allegations set fourth in the complaint are as follows. On June 1, 1987, appellant entered into an agreement to purchase a nursing home from appellees. Prior to entering into the agreement, appellant had inspected the home for a brief period during which she alleges appellees carefully controlled the amount of time she was accorded to examine the property. That inspection failed to reveal various defects of which appellees had knowledge, and during the inspection, appellees made various misrepresentations about the condition of the property.

In count one, appellant alleges that appellees showed her the fireplace, and specifically represented that it was operational and that it had often been used by them. In fact, the chimney was blocked and the flue liner was defective, and appellees were aware of these defects at the time of the inspection. Appellees also actively concealed a burn mark in the living room floor by placing furniture over it.

In count two, appellant alleges that water damage to one of the rooms on the top floor of the nursing home was not revealed during the inspection. With respect to the water damage, she alleges that appellees told her that the roof

needed to be repaired and that they were going to get it repaired. However, they did not reveal the water damage caused by the leaking roof to her. Appellant also avers that she did not see the water damage during her inspection since appellees hurried her through the inspection of the upstairs in order that the tenants would not be disturbed.

Count three relates to the sewage system in the home. Mr. Serfas showed appellant an area which allegedly contained the sewage system, and he also told appellant, in response to her question, that the sewage line had been inspected and that it was in good working order except in two respects: it needed to be cleaned and required a new top. In truth, the sewer line has not been operable and has been discharging raw sewage on the neighbor's property for a number of years.

In conclusion, appellant alleges that the misrepresentations made by appellees as set forth in the complaint were made for the purpose of defrauding appellant in order to induce her to purchase the property for a price in excess of its fair value. Further, she alleges that the fraudulent misrepresentations were made knowingly and willfully. She requests the costs of repairing the fireplace, the burned floor, the water damage to the second floor room, and repair of the sewage system.

Initially, we examine our standard of review. When preliminary objections in the nature of a demurrer are filed, we must accept as true all the well-pleaded material facts set forth in the complaint and all reasonable inferences deducible from those facts. *Dercoli v. Pennsylvania National Mutual Insurance Co.*, 520 Pa. 471, 554 A.2d 906 (1989). Accepting these facts and inferences, we then determine whether the pleader has failed to state a claim for which relief may be granted, and we will affirm the grant of a demurrer only if there is certainty that no recovery is possible. *Creeger Brick & Building Supply Inc. v. Mid–State Bank and Trust Co.*, 385 Pa.Super. 30, 560 A.2d 151 (1989). All doubts are resolved in favor of the pleader. Furthermore, by filing preliminary objections in

the nature of a demurrer, appellees have admitted the factual allegations of the complaint for purposes of the demurrer. *Id.*

On May 19, 1988, appellees filed preliminary objections in the nature of a demurrer alleging that the sales agreement precluded the requested relief. The trial court granted appellees' demurrer on the basis of the following inspection/integration clause contained in the June 1, 1987 agreement of sale:

> It is understood that Buyer has inspected the property, or hereby waives the right to do so and has agreed to purchase it as a result of such inspection and not because of or in reliance upon any representation made by the Seller....

> The Buyer has agreed to purchase it in its present condition unless otherwise specified herein. It is further understood that this agreement contains the whole agreement between the Seller and the Buyer and there are no other terms, obligations, covenants, representations, statements or conditions, oral or otherwise of any kind whatsoever concerning this sale. Furthermore, this agreement shall not be altered, amended, changed or modified except in writing executed by the parties.

The trial court ruled that the alleged defects were not latent, but were reasonably discoverable upon inspection and that appellant could not rely upon parol evidence to contradict the clear and unambiguous language of the inspection/integration clause. Since the sales agreement clearly and unambiguously states that appellant has inspected the property, that appellant's purchase is based on that inspection, and that appellees made no representations about the property, the trial court ruled that appellant could not vary the terms of the integrated agreement by parol evidence of the alleged misrepresentations contained in the complaint. Inasmuch as this result is incorrect under controlling precedent, we reverse and remand.

In *Mancini v. Morrow*, 312 Pa.Super. 192, 458 A.2d 580 (1983), we examined the ability of a buyer to prove

oral representations regarding the condition of real estate when the buyer had signed an agreement of sale containing an identical inspection/integration clause. We held, notwithstanding the clause, that a buyer could recover for latent defects where the defects were not reasonably discoverable through an inspection of the property and where the seller had actual knowledge of the latent defects and had either made affirmative representations as to the absence of the defect or had made efforts to hide the defect physically by placement of objects to conceal it. We held that evidence of fraud in inducement of a contract to buy real estate was not barred by the parol evidence rule under those circumstances.

In that case, the sellers concealed water damage to the basement by placing objects in front of the affected area. In this case, appellant alleges that appellees intentionally hid a burn mark by placing furniture in front of it. Since there is no distinction between these allegations, *Mancini* is controlling as to appellant's ability to recover for the burnt floor if she can establish her allegations at trial.

Appellant also alleges that the condition of the fireplace was not reasonably discoverable from her inspection and that appellees intentionally made an affirmative misrepresentation that it was operable. This also states a claim under *Mancini*.

Appellant's allegations regarding the sewage system and water damage are controlled by our decision in *LeDonne v. Kessler*, 256 Pa.Super. 280, 389 A.2d 1123 (1978). There, the buyers contended that the sellers had falsely responded to specific questions regarding the condition of the property, including that the septic system was operable, the sun deck did not leak, and the cellar did not leak. The buyers also contended that they could not have discovered these defects through their visual inspections of the property. Despite the fact that there was an integration/inspection clause similar to the one at issue, we ruled that the verbal representations of the sellers about the condition of the septic system were admissible at trial since the condition of

the system was not ascertainable by visual inspection. On the other hand, we determined that the parol evidence rule did prevent proof of the statements regarding the leakage of the sun deck and the cellar since the buyers' statements indicated that there was evidence of water leakage visible during their inspection and they nonetheless signed the agreement. We reasoned that since the septic system was underground, the buyers could not have reason to know of seller's misrepresentations concerning the adequacy of the system. Accordingly, we determined that the parol evidence rule did not bar admission of evidence of the sellers' misrepresentations concerning the septic system. *See also Berger v. Pittsburgh Auto Equipment Co.*, 387 Pa. 61, 127 A.2d 334 (1956) (where lessor warranted premises would be strong enough to support lessee's auto parts and where lack of strength was not apparent from visual inspection, lessee could avoid lease despite existence of integration/inspection clause); *Smith v. Renaut*, 387 Pa.Super. 299, 564 A.2d 188 (1989).

The trial court ruled that appellant was estopped from relying upon appellees' representations since the defects were not latent defects, but were reasonably discoverable upon inspection. The trial court's conclusions are erroneous. The sewage system defect, by its nature and in accordance with our decision in *LeDonne*, was latent. Furthermore, our standard of review in the case of a demurrer is to accept as true all of the allegations in the complaint. Appellant alleges that the defects were intentionally concealed and were not discoverable by visual inspection. In addition, appellant specifically alleges that appellees hid the water damage resulting from the leaking roof by refusing her entrance to the damaged room on the ground that the tenant could not be disturbed.

We are permitted to grant a demurrer only if there is a certainty that no recovery is possible. It is the function of the trier of fact to determine whether these defects were reasonably discoverable through visual inspection; the trial court usurped this function by prematurely granting this

demurrer based on its factual determination that the defects were not latent. The allegations in the complaint state a cause of action under Pennsylvania case law and grant of the demurrer was improper.

Order reversed and case remanded. Jurisdiction relinquished.