609 A.2d 847

Kelly L. WADDELL

v.

June K. BOWERS

v.

YORK HOSPITAL and Gregory L. Goding.

Appeal of June K. BOWERS.

Superior Court of Pennsylvania.

Argued April 8, 1992.

Filed June 30, 1992.

Girard E. Richards, Harrisburg, for appellant.

Patricia A. Butler, York, for appellees York Hosp. and Gregory L. Goding.

Before OLSZEWSKI, BECK and HOFFMAN, JJ.

HOFFMAN, Judge.

This is an appeal from the order entered September 20, 1991, granting appellees York Hospital and Gregory L. Goding's preliminary objections in the nature of a demurrer. Appellant June Bowers raises one issue on appeal:

SHOULD A PHYSICIAN BE HELD LIABLE FOR IN-JURIES THAT OCCURRED IN AN AUTOMOBILE AC-CIDENT WHERE THAT ACCIDENT WAS CAUSED BY HIS PATIENT'S LAPSE OF CONSCIOUSNESS SEC-ONDARY TO AN UNSTABLE DIABETIC CONDITION, WHERE THE PATIENT WAS EN ROUTE FROM THE DOCTOR'S OFFICE TO HER HOME IMMEDIATELY SUBSEQUENT TO THAT PHYSICIAN'S NEGLIGENT TREATMENT OF THE UNSTABLE DIABETIC CONDI-TION?

Appellant's Brief at 2. For the following reasons, we affirm.

On February 2, 1990, Kelly Waddell filed a complaint against appellant Bowers, for injuries she allegedly sustained as a result of an automobile accident. In her complaint, Waddell alleged that on November 28, 1989, she was a passenger in a vehicle that was struck when appellant's vehicle crossed the center line of Route 30 in York, Pennsylvania.

On August 3, 1990, appellant Bowers filed a third party complaint against appellees York Hospital and Dr. Gregory Goding. Appellees responded by filing preliminary objections in the nature of a demurrer or in the alternative, a motion to strike and/or a motion for a more specific pleading. Prior to adjudication on the preliminary objections, appellant filed an amended complaint. In the amended complaint, appellant alleged that the injuries sustained by Kelly Waddell as alleged in her complaint, were caused

solely by the negligence of appellees or that appellant and appellees were joint and severally liable to Waddell.

Appellant's third party complaint further alleged that prior to November 28, 1989, the date of the alleged accident, appellant had been a patient of the York Hospital Dental Clinic and a known insulin-dependent diabetic; that on November 28, 1989, while a patient of appellees at the dental clinic, appellant became ill due to her underlying diabetic condition; that appellees knew that she was ill and incapable of safely operating a motor vehicle; that they undertook and attempted to treat her diabetic hypoglycemic condition; and that they should have recognized that treatment of her hypoglycemic condition was necessary for her protection. As a result, appellant alleged that appellees were negligent (1) in failing to summon a doctor to examine her, (2) in failing to ensure that she was physically capable of driving before she was leaving, (3) in failing to telephone her family and friends, (4) in failing to properly treat her condition and (5) in allowing her to leave the hospital when they knew or should have known that she was physically incapable of driving.

On September 28, 1990, appellees again filed preliminary objections in the nature of a demurrer or alternatively, a motion to strike and/or a motion for a more specific pleading. In their demurrer, appellees alleged that appellant's third party complaint failed to state a claim upon which relief could be granted because it failed to allege any legal duty on the part of appellees to appellant or plaintiff Waddell. The Court of Common Pleas of York granted appellees' demurrer on September 23, 1991. This timely appeal followed.

Initially we note that our standard of review of a trial court's grant of a demurrer is well established.

[W]e must accept as true all well-pleaded material facts set forth in the complaint and all reasonable inferences deducible from those facts. Accepting these facts and inferences, we then determine whether the pleader has failed to state a claim for which relief may be granted,

and we will affirm the grant of a demurrer only if there is certainty that no recovery is possible. All doubts are resolved in favor of the pleader. Furthermore, by filing preliminary objections in the nature of a demurrer, appellees have admitted the factual allegations of the complaint for the purposes of the demurrer.

*Crosby v. Sultz*, 405 Pa.Super. 527, 533, 592 A.2d 1337, 1340 (1991) (citing *Ward v. Serfas*, 387 Pa.Super. 425, 428–29, 564 A.2d 251, 252–53 (1989) (citations omitted)); *see also Dercoli v. Pennsylvania National Mutual Insurance Company*, 520 Pa. 471, 476, 554 A.2d 906, 910 (1989); *Guy v. Liederbach*, 501 Pa. 47, 459 A.2d 744 (1983); *Allstate Insurance Company v. Fioravanti*, 451 Pa. 108, 299 A.2d 585 (1973). With this standard in mind, we can proceed to review appellant's contention.

In order to set forth a cause of action in negligence, a plaintiff must allege (1) that she was owed a duty of care; (2) that the duty was breached; (3) that she was injured and (4) that the injuries were proximately caused by the breach of duty. *Ellis v. Sherman*, 512 Pa. 14, 18, 515 A.2d 1327, 1328 (1986); *Macina v. McAdams*, 280 Pa.Super. 115, 120, 421 A.2d 432, 434 (1980). Appellant contends that the trial court erred in concluding that appellees did not owe a legal duty to Waddell. Rather she argues that appellees did owe a duty to Waddell because they knew that appellant was about to operate a motor vehicle and could foresee that their treatment of appellant was necessary for the protection of third persons such as Waddell who were traveling on the highway.[1] For authority, she cites to *DiMarco v. Lynch Homes–Chester County*, 525 Pa. 558, 583 A.2d 422 (1990). Appellant's claim is meritless.

The Restatement Second of Torts § 324A pertains to liability to third persons for negligent performance of services owed to another. This section states:

1. Appellant contends that appellee York Hospital is vicariously liable for the alleged negligence of Dr. Goding. Therefore, our analysis will focus on appellee Goding's conduct.

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

*Id.*

In order to state a cause of action under this section, a complaint must contain factual allegations sufficient to establish the legal requirement that the defendant has undertaken "to render services to another which he should recognize as necessary for the protection of a third person." *Cantwell v. Allegheny County*, 506 Pa. 35, 41, 483 A.2d 1350, 1353 (1984). Our courts have interpreted this requirement as one of alleging sufficient facts to establish foreseeability. *Id.; Crosby v. Sultz, supra,* 405 Pa.Super. at 543, 592 A.2d at 1343. In other words, "even if the defendant has undertaken to render services to another, and the plaintiff (third person) has suffered physical harm, if there is no reason that the defendant should have foreseen that his actions were necessary for the protection of the plaintiff, no cause of action will lie under § 324A." *Cantwell, supra,* 506 Pa. at 41, 483 A.2d at 1353. Accordingly, we must determine if appellant has alleged facts sufficient to establish that appellees should have foreseen that their treatment of appellant was necessary for the protection of third persons like Waddell.

In *Crosby, supra,* a panel of this court affirmed the trial court's grant of a demurrer on the grounds that insufficient facts were pleaded to establish foreseeability. There, pedestrians who were injured when they were struck by an automobile sued the driver's physician for the injuries they

sustained. In their complaint, they alleged that the driver, who was a diabetic under the care of the defendant-doctor, lost control of his vehicle when he suffered a temporary lapse of consciousness caused by his diabetes. The trial court dismissed the complaint on the grounds that the doctor did not owe a duty to the pedestrians. An appeal to this court followed.

This court framed the issue as whether a cause of action in negligence may be sustained against a doctor where the doctor failed to monitor his patient's conduct. *Id.*, 405 Pa.Super. at 530, 592 A.2d at 1338. In finding that the doctor did not owe a duty to the pedestrians, the court focused on "whether it was foreseeable that the third persons would be harmed by the conduct of the physicians." *Id.*, 405 Pa.Superior Ct. at 538, 592 A.2d at 1343. The plaintiff-pedestrians had argued that it was foreseeable that they would be injured by the doctor's failure to monitor his patient's conduct because the Motor Vehicle Code imposed upon doctors the duty of notifying the Department of Transportation of the existence of individuals who suffer from specific conditions like diabetes and who, in their opinion are rendered unable to drive in a safe manner. The court found that even if there was a duty imposed under the Motor Vehicle Code, there still would be no duty of care owed to the plaintiff-pedestrians because there was no reason for the doctor to believe that his patient's ability to drive was impaired because of his illness. *Id.*, 592 A.2d at 1345. The court stated:

> [T]here is nothing in the pleadings which set forth the reasons why Dr. Sultz should have concluded that Mr. Jackson's diabetes made him dangerous to third persons. Absent any allegations in the pleadings to satisfy us that Dr. Sultz may have been in any way at fault for the events which led to this litigation, we must sustain the trial court's grant of Dr. Sultz's demurrer.

*Id.*, 405 Pa.Superior Ct. at 545, 592 A.2d 1337.

In the case at hand, as in *Crosby*, appellant did not allege sufficient facts in her amended complaint to establish

that appellees should have concluded that treatment of appellant was necessary for the protection of third parties. Appellant alleged in her complaint that she became ill while at the dental office and that appellees knew she was ill and attempted to treat her. Appellant does not allege in what way she was ill or what treatment appellees rendered. Moreover, appellant does not allege that appellees were aware that appellant had a propensity or pattern of lapsing into unconsciousness due to her hypoglycemic condition, nor did she state how appellees knew that she was incapable of driving, namely what her condition was when she left the dental clinic. Such allegations are necessary in order to show that appellees, specifically appellee Goding, should have concluded that appellant's hypoglycemic condition made her dangerous to third persons. In addition, appellant was a dental patient of appellees, not a patient receiving treatment for a diabetic condition and relying on the advice of her doctor. Based on the allegations of appellant's complaint, we cannot impute to a dentist the knowledge of a physician treating a person for diabetes.

Furthermore, appellant's reliance on *DiMarco v. Lynch Homes–Chester County, Inc., supra,* is misplaced. In *DiMarco,* a blood technician was exposed to the hepatitis virus. Her physicians advised her that if she remained symptom free for six weeks, she would not be infected by the virus. However, the doctors did not advise her to refrain from sexual relations for six months. After the six week period, the technician engaged in sexual relations with Mr. DiMarco. A few weeks later both were diagnosed with hepatitis B.

DiMarco brought suit against the physicians alleging inter alia that it was negligent for the doctors not to have warned the technician that having sexual relations within six months of the exposure could cause her sexual partner to contract hepatitis. The trial court granted the physicians' preliminary objections and dismissed DiMarco's complaint on the grounds that the physicians did not owe a duty

to him because there was no privity between the doctors and him.

DiMarco filed an appeal to this court and we reversed. Our Supreme Court affirmed. In concluding that the physicians did have a duty to DiMarco, the Court noted that DiMarco had pleaded that he and the technician specifically relied on the physicians' advice on what precautions to take. *Id.*, 525 Pa. at 562, 583 A.2d at 424–25. Moreover, the Court stated the precautionary instructions given by physicians were not for the protection of the patient's health, but rather for the protection of the health of others. Thus, the Court held that it was foreseeable that the physicians' undertaken treatment of another for a contagious/communicable disease was necessary for the protection of third parties.

Here, unlike *DiMarco*, appellant did not allege that she or plaintiff Waddell relied upon the advice or treatment of appellees with regard to her hypoglycemic attack. Furthermore, appellant suffered a hypoglycemic attack as a result of her diabetic condition. Unlike treatment of a contagious disease, we cannot readily conclude that treatment of a hypoglycemic attack is necessary for the protection of others. Accordingly, appellant has not alleged facts sufficient to establish that appellees had undertaken to render services to appellant that they should have recognized as necessary for the protection of Waddell. As a result, we affirm the trial court's granting of appellee's preliminary objections in the nature of a demurrer on the grounds that appellee has failed to establish that appellees owed a duty to Waddell and thus has failed to state a cause of action upon which relief can be granted.

Affirmed.