## Solum v. Slater

C.P. of Delaware County, no. 98-11209.

*Albert A. Citro III,* for plaintiff.

*Peter F. X. Callahan,* for defendants Chester Co. Med. Assoc. and Leonard C. Guinta D.O.

*Nancy Noon Powell,* for defendant Bruce A. Colley D.O.

*Charles T. Roessing,* for defendant Bryn Mawr Rehab. Inc.

*James S. Sell,* for defendants Robert Slater M.D., Horst A. Agerty M.D. and David F. Long M.D.

BRADLEY, *J.,* February 14, 2000—Plaintiff appeals from the orders entered November 19, 1999 and December 16, 1999, granting defendants' preliminary objections and dismissing all claims against all defendants.

On August 7, 1996, plaintiff's decedent, Alison Leah Solum, was driving southbound on Baltimore Pike, Route 1, in the Borough of Chester Heights, Delaware County, Pennsylvania. At the same time, Anthony Cifelli was driving northbound on Baltimore Pike. Anthony Cifelli lost control of his automobile, crossed the median strip separating the northbound and southbound lanes of Baltimore Pike and entered opposing lanes of traffic. Cifelli crashed into plaintiff's decedent's vehicle. Ms. Solum died as a result of the injuries she sustained.

Plaintiff, Hans Edward Solum Jr., was appointed administrator of the estate of his daughter, Alison Leah Solum, deceased, on September 5, 1996 by the Delaware County Register of Wills. Plaintiff commenced this wrongful death and survival action by filing a complaint on July 31, 1998 against various health care providers of Anthony Cifelli alleging negligence on their part by their failure to report Cifelli's alleged seizure disorder to the Pennsylvania Department of Transportation. Plaintiff alleges that Cifelli's diminished mental and physical ability from a previous brain injury and associated seizure disorders caused him to lose control of his automobile which then collided with plaintiff's decedent's vehicle resulting in her fatal injuries.

In this action, plaintiff has filed a complaint, and five amended complaints in response to preliminary objections filed by all defendants. To avoid delay and prolonged pleading practice, all parties sought court intervention and resolution of defendants' preliminary objections to plaintiff's fifth amended complaint. After oral argument and opportunity for additional briefing of the legal issues, the preliminary objections of all defendants were granted and all claims against defendants were dismissed. This appeal followed.

Defendants challenge plaintiff's fifth amended complaint for legal insufficiency pursuant to Pa.R.C.P. 1028(a)(4).

Plaintiff has alleged that Doctors Robert Slater M.D., David F. Long M.D., Leonard C. Giunta D.O., Bruce Colley D.O. and Horst Agerty M.D. and two facilities, Bryn Mawr Rehab and Chester County Medical Associates (vicariously liable for defendants-employees Long and Giunta, respectively), were negligent per se by failing to report Anthony Cifelli's alleged seizure disorder to PennDOT. Their alleged failure to report Cifelli's condition to PennDOT enabled him to obtain a driver's permit and license which, according to plaintiff, never would have been issued had PennDOT been made aware of Cifelli's medical condition by defendants. Specifically, plaintiff alleges that defendants breached their statutory duty as set forth in the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. §83.1 et seq., by failing to report Anthony Cifelli's medical condition to PennDOT.

The court must "accept as true all well-pleaded material facts set forth in the complaint as well as all inferences reasonably deducible therefrom." *Dercoli v. Pennsylvania National Mutual Insurance Co.*, 520 Pa. 471, 476, 554 A.2d 906, 908 (1989). In the complaint, plaintiff alleged that defendants provided medical care to Anthony Cifelli and knew that his medical condition threatened Cifelli's ability to drive and was within the statutory mandate of the Motor Vehicle Code requiring that it be reported to PennDOT. Plaintiff also alleged that defendants failed to caution Cifelli and his family that his medical condition effectively prevented him from driving.

Accepting as true the factual allegations of the fifth amended complaint, the case law is nonetheless clear that

there is no duty to third parties from the failure of a health care provider to report a patient's physical condition to PennDOT. *Estate of Witthoeft v. Kiskaddon,* 557 Pa. 340, 733 A.2d 623 (1999). In *Estate of Witthoeft,* the Supreme Court decided that an ophthalmologist's failure to report his patient's visual acuity of less than 20/70 to PennDOT did not create a duty on the part of the ophthalmologist to a bicyclist killed by his driver-patient.

The Supreme Court analyzed section 1518(b) of the Motor Vehicle Code requiring physicians and certain others to report to PennDOT the name, date of birth and address of each person diagnosed as having a specific disorder or disability, using the three-prong analysis set forth in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). This analysis assists in determining whether a private remedy is implicit in a statute not expressly providing one. The Pennsylvania Supreme Court in *Estate of Witthoeft* refused to find a private cause of action based on the reporting requirements under the Motor Vehicle Code because the General Assembly did not expressly provide for one and because there is no statutory basis to imply one. 557 Pa. at 347, 733 A.2d at 627-28. As the Pennsylvania Supreme Court has held there is no private cause of action under section 1518(b) of the Motor Vehicle Code, plaintiff's fifth amended complaint was stricken for legal insufficiency.[1]

---

1. One defendant, Bryn Mawr Rehabilitation Hospital, has demurred to plaintiff's complaint on the basis that section 1518 of the Motor Vehicle Code, 75 Pa.C.S., which the plaintiff looks to for the imposition of a duty in this case, does not apply to physical rehabilitation hospitals. It is unnecessary to decide this issue as we have held that under Pennsylvania case law no duty arises to third parties from the failure of a health care provider to report a patient's physical condition to PennDOT.

As in *Estate of Witthoeft,* plaintiff herein alleges that defendants owed a duty to plaintiff's decedent as a foreseeable victim. They breached this duty by their failure to inform Cifelli and his family of his alleged seizure disorder and its implications for driving. This failure to notify directly and proximately caused Ms. Solum's death. Plaintiff cites to *DiMarco v. Lynch Homes—Chester County Inc.,* 525 Pa. 558, 583 A.2d 422 (1990), as support for this argument. The plaintiff in *Estate of Witthoeft* likewise relied on *DiMarco* but this reliance was misplaced according to the Supreme Court. *Estate of Witthoeft, supra* at 349, 733 A.2d at 628-30.

In *DiMarco,* a doctor misinformed his patient, a blood technician who had been accidentally exposed to hepatitis B, a communicable disease, that if she remained symptom free for six weeks she was not infected with the disease. The doctor also told her to refrain from sexual relations with her boyfriend for that same period of time. After being symptom free for eight weeks, the patient resumed sexual relations with her partner. She and her boyfriend were diagnosed with hepatitis B soon thereafter. The patient's boyfriend brought suit against the doctors alleging they were negligent in failing to warn the patient that having sexual relations within six months could expose her sexual partner to hepatitis B. The Supreme Court found that under the particular facts of *DiMarco* the doctor's duty extended to third parties whose health could be threatened by contact with the diseased patient. The fact that the injury involved was communicable, not an obvious condition of which the patient should have been well aware and involved a doctor giving erroneous medical advice upon which the boyfriend relied, were all sound policy reasons which en-

abled the Supreme Court to decide that the boyfriend-plaintiff was within the foreseeable orbit of risk of harm.

In *Estate of Witthoeft,* the Supreme Court found that the policy reasons present in *DiMarco* were notably absent, thus they found *DiMarco* inapposite. *Estate of Witthoeft,* 557 Pa. 340, 349, 733 A.2d 623, 629. As the matter sub judice is more akin to *Estate of Witthoeft* and likewise possesses none of the policy reasons found in *DiMarco,* we do not believe Miss Solum fell within the foreseeable risk of harm when defendants failed to inform Mr. Cifelli and his family of his seizure disorder.

Plaintiff also asserts liability pursuant to Restatement (Second) of Torts §324(A)(C) to recover for defendants' allegedly negligent performance of services owed to Anthony Cifelli. This section states:

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

"(a) his failure to exercise reasonable care increases the risk of such harm, or

"(b) he has undertaken to perform a duty owed by the other to the third person, or

"(c) the harm is suffered because of reliance of the other or the third person upon the undertaking." *Id.*

Pennsylvania courts have interpreted the legal requirement that defendant has undertaken "to render services to another which he should recognize as necessary for the protection of a third person," as requiring the allegation of sufficient facts to establish foreseeability. *Cantwell v. Allegheny County,* 506 Pa. 35, 41, 483 A.2d 1350, 1353 (1984); *Crosby by Crosby v. Sultz,* 405 Pa. Super. 527,

543, 592 A.2d 1337, 1345 (1991); *Waddell v. Bowers,* 415 Pa. Super. 469, 609 A.2d 847 (1992). This issue of foreseeability was definitively answered in *Estate of Witthoeft, supra,* when the Supreme Court held under similar facts that the decedent-bicyclist injured by the visually impaired driver-patient was not a foreseeable victim of the physician's failure to notify PennDOT. Accordingly, we find that because plaintiff's decedent was owed no duty of care by defendants because she was not a foreseeable victim of defendants' inactions, no cause of action will lie for "negligent performance of undertaking" under section 324(A) of the Restatement (Second) of Torts.

Plaintiff is correct that the decision in *Estate of Witthoeft* specifically excludes the issue of liability based upon Restatement (Second) of Torts §324(A)(a). 557 Pa. at 353 n.8, 733 A.2d at 630 n.8. This issue was waived by plaintiff's failure to raise it on appeal. We believe however that the court's decision in *Estate of Witthoeft* on the lack of the element of foreseeability effectively disposes of plaintiff's section 324(A)(a) claim in the matter sub judice because foreseeability is the basis to impose liability under section 324. To hold otherwise on plaintiff's section 324 claim would be "to extend liability limitlessly to treating physicians vis-à-vis third-party victims." *Estate of Witthoeft, supra,* at 353, 733 A.2d at 629, citing *Crosby, supra,* 405 Pa. Super. at 543, 592 A.2d at 1345.

In an attempt to distinguish *Estate of Witthoeft* from the present case, plaintiff asserts that the active steps taken by defendants in facilitating Cifelli's acquisition of a driver's license goes beyond the factual setting in *Estate of Witthoeft* where the defendant-doctor simply did not report his patient's vision problem to PennDOT. From a

review of the fifth amended complaint, it appears that plaintiff makes this assertion of "active" negligence as opposed to omission only against Doctors Slater, Giunta and Colley. By filing preliminary objections in the nature of a demurrer, these defendants have admitted these factual allegations of the complaint.

We discern no sound reason to treat negligently reporting a medical condition as fit, to drive differently than negligently failing to report a medical condition statutorily required to be reported. The effect is the same; PennDOT makes the decision on a driver's license with erroneous information. There is simply no private remedy available to plaintiff in this situation.

Defendants have also challenged plaintiff's fifth amended complaint for legal insufficiency on the grounds that plaintiff is prevented from bringing this wrongful death action pursuant to 42 Pa.C.S. §8301 because plaintiff settled a prior wrongful death action pursuant to 42 Pa.C.S. §8301 against Cifelli and others. Defendants contend that to allow plaintiff to proceed with this instant action would amount to allowing a double recovery to plaintiff in violation of 42 Pa.C.S. §8301.

This allegation of legal insufficiency is without merit. While plaintiff did file a previous wrongful death and survival action, Del. C.C.P. civil action no. 96-17755, plaintiff has represented that that action was settled only with respect to the Survival Act claims. Although we have concluded that plaintiff cannot sustain this cause of action for other reasons, plaintiff is not prevented from bringing this wrongful death action on the basis it constitutes a duplicate recovery.

It is for all the above reasons that defendants' preliminary objections to plaintiff's fifth amended complaint were granted and all claims were dismissed against defendants.