# Wisniski v. Brown & Brown Ins. Co. of PA Inc.

C.P. of Dauphin County, no. 2320-S-2000.

*David B. Dowling,* for plaintiffs.

*James K. Thomas,* for defendants Brown & Brown Ins. Co. and Blood.

*Anthony R. Sherr,* for defendants EMC Insurance and Ahlstrom.

HOOVER, *J.,* February 13, 2001—This matter comes before the court on the preliminary objections of defendants EMC Insurance Companies and Scott W. Ahlstrom to plaintiffs' complaint. For the reasons set forth herein, defendants' preliminary objections are overruled.

Plaintiffs Mark and Elizabeth Wisniski t/d/b/a Saturn Surplus allege that they are engaged in the business of selling, inter alia, military surplus supplies and equipment. Plaintiffs allege that the defendant EMC Insurance Companies sold insurance policies through an agency known as the Brown Agency.[1] Plaintiffs further

---

1. Defendants Brown & Brown Ins. Co. of PA, Donald Blood and Will Rineer have not filed preliminary objections and therefore we do not address whether claims against them are cognizable.

allege that the defendant Scott W. Ahlstrom was employed by, and served as the agent of defendant EMC. As the factual basis of their allegations as to all defendants, including EMC and Ahlstrom, plaintiffs allege that they purchased real estate, including a building to serve as a warehouse, for their business. Plaintiffs allege that a stream flowed beneath their property. They allege that in conjunction with the purchase of the real estate, they inquired about a commercial business protection policy with defendants Brown Agency, with whom they allegedly had a pre-existing business relationship. Plaintiffs allege that they apprised agents of Brown Agency, defendants Blood and/or Rineer that they wanted "complete protection" for their newly acquired property. (Plaintiffs' complaint, ¶9.) They further assert that they relied upon the expertise of Brown Agency and its employees to recommend "appropriate types and levels of coverage." (Plaintiffs' complaint, ¶10.) Plaintiffs contend that defendants Blood and Rineer requested information about the building, and recommended commercial property and liability coverage, but did not inspect the property before selling plaintiffs a policy placed with EMC. Plaintiffs' claim that "unbeknownst to [them] the policy sold to plaintiffs contained an exclusion for property damage caused by, inter alia, flood, surface water, and/or the overflow of any body of water. (Plaintiffs' complaint, ¶15.) Plaintiffs contend that at no time did anyone from the Brown Agency advise of the exclusion, or recommend separate flood coverage. Plaintiffs renewed the policy from 1994 through 1998.

Plaintiffs contend that in 1996, defendant Ahlstrom inspected plaintiffs' property and performed a risk analysis, but failed to inform plaintiffs that they had no cov-

erage for flood damage, or as to the availability of flood coverage at an additional premium.

On September 7, 1999, plaintiffs suffered flood damage to their building and its contents when the stream traversing the property overflowed its banks. Plaintiffs were advised by defendant Brown Agency that they had no coverage for the flood damage.

Plaintiffs assert that all of the defendants breached a duty to "exercise the skill and knowledge normally possessed by members of the insurance profession in good standing in similar communities." Plaintiffs' complaint details the manner in which defendants allegedly breached their duty, consisting generally of alleged failures to properly investigate, inspect, inform and recommend, in relation to flood insurance.

Defendants EMC and Ahlstrom filed preliminary objections in the nature of a demurrer asserting that the complaint fails to state a cognizable cause of action in that EMC and Ahlstrom had no legal duty to explain to plaintiffs the extent and limits of coverage, or to anticipate and counsel their insured on the consequences of coverage chosen by the insured. Plaintiffs argue that defendants misinterpret the nature of duty alleged, and that correctly reading the allegations in the complaint, defendants owed a duty to plaintiffs to properly execute their duty to "recommend adequate and appropriate types and levels of insurance coverage." (Plaintiffs' complaint, ¶30.)

We view the fundamental issue presented as whether, based upon the facts alleged herein, under Pennsylvania law, a duty existed on behalf of EMC and Ahlstrom to recommend "adequate and appropriate levels of insurance coverage." We do not view the claim as narrow as framed by defendants, and therefore, applying the stan-

dard applicable to review of preliminary objections, cannot state with certainty that no recovery is possible. *Dercoli v. Pennsylvania National Mutual Insurance Company,* 520 Pa. 471, 554 A.2d 906 (1989). Accepting as true all well-pleaded material facts and reasonable inferences deducible from those facts, we must determine whether the pleader has failed to state a claim for which relief may be granted, and in so doing, resolve all doubts in favor of the pleader. See *Ward v. Serfas,* 387 Pa. Super. 425, 564 A.2d 251 (1989). We find that taken as a whole, at this early stage of the proceedings, plaintiffs' complaint states a colorable claim of duty against EMC and Ahlstrom based upon an allegedly improperly performed risk analysis with respect to plaintiffs' insurance coverage.

It is generally true that an insurer is not bound to disclose all possible information as to the benefits of coverage that is not provided. *Miller v. Keystone Ins. Co.,* 402 Pa. Super. 213, 586 A.2d 936 (1991). Defendants suggest, and argue, that the gravamen alleged is failure to inform plaintiffs that they had no insurance for flood damage. Were that the extent of the allegations, defendants may well be correct. However, we see the facts alleged as more closely aligned with those in *Dercoli* than with the cases cited by defendants. *Kilmore v. Erie Insurance Company,* 407 Pa. Super. 245, 595 A.2d 623 (1991) and *Treski v. Kemper National Insurance Companies,* 449 Pa. Super. 620, 674 A.2d 1106 (1996). In *Dercoli,* the Supreme Court found that the insurer had a duty of full and complete disclosure of all the benefits and every coverage provided where the insured was relying upon the insurer for advise and counsel. We view the "risk analysis" performed by EMC's agent, Ahlstrom, as a similar undertaking to provide advice and counsel,

which imposes a duty to disclose, and a duty of reasonable care in the performance of that risk analysis.

Further, while we find no appellate cases on the issue, we note that two common pleas courts have relied upon the Restatement (Second) of Torts §299A to recognize a duty owed by an insurance agent to the insured to exercise reasonable care where the agent undertakes to render services in the practice of the trade or profession. Plaintiffs claim a breach of this duty in, inter alia, the investigation of plaintiffs' coverage needs, including the risk analysis.

Accordingly, for the foregoing reasons, we enter the following:

### ORDER

And now, February 13, 2001, the preliminary objections of defendants EMC Insurance Companies and Scott W. Ahlstrom are hereby overruled.

