**Saris v. Charles**

C.P. of Lancaster County, no. CI-03-00859.

*Stephen E. Geduldig,* for plaintiff.
*John M. Sofilka,* for defendant.

CULLEN, *J.,* June 9, 2004—Before the court for disposition is the motion of defendant, E. Gregory Charles, t/d/b/a Charles' Laundry, for summary judgment on the claim brought against him by plaintiff, Janeen R. Saris. Plaintiff seeks to recover for injuries she claims she sustained when she slipped on ice on defendant's property and fell. For the reasons set forth below, defendant's motion will be granted.

Plaintiff commenced this action on January 31, 2003. In her complaint, plaintiff alleges that on January 20, 2002, she was leaving defendant's laundromat through a back entrance when she slipped on ice on the steps and fell, sustaining personal injuries.

Defendant filed an answer denying any liability.

On December 15, 2003, defendant filed his motion for summary judgment and a supporting brief. The basis of defendant's motion is that plaintiff cannot establish

the elements of her cause of action in view of the "hills and ridges" doctrine.

Plaintiff filed a response to the motion for summary judgment and a brief on January 9, 2004.

At the request of counsel, the court heard oral arguments on the motion. The matter is now ready for disposition.

## DISCUSSION

Pursuant to Rule 1035.2 of the Pennsylvania Rules of Civil Procedure, after the pleadings are closed any party may move for summary judgment where (1) there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or (2) after completion of discovery, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to the jury. Pa.R.C.P. 1035.2.

"A proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense and, therefore, there is no issue to be submitted to the jury." *McCarthy v. Dan Lepore & Sons Co. Inc.*, 724 A.2d 938, 941 (Pa. Super. 1998). (citation omitted) "If the non-moving party fails to come forward with sufficient evidence to establish or contest a material issue to the case, the moving party is entitled to judgment as a

matter of law." *Id.* at 940 (citing *Ertel v. Patriot-News Co.,* 544 Pa. 93, 674 A.2d 1038 (1996), *cert. denied,* 519 U.S. 1008, 117 S.Ct. 512, 136 L.Ed.2d 401 (1996)).

The court must view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Pennsylvania State University v. County of Centre,* 532 Pa. 142, 615 A.2d 303 (1992).

On January 20, 2002, plaintiff drove to defendant's laundromat to do laundry. (Deposition of Janeen R. Saris, October 10, 2003, pp. 18-19, 43-44.) It had snowed the night before and plaintiff's roommate cleared the snow off her vehicle. *Id.* at 20. Plaintiff further testified:

"Q. How were the roads?

"A. Wet.

"Q. How were the sidewalks, if you know, generally?

"A. Unclear. They were wet as well, but there was snow on a lot of them. A lot of people hadn't gotten to their sidewalks.

"Q. It is fair to say that you observed that the conditions, the prevailing conditions in Lancaster that morning were everything was generally snow covered?

"A. Yes.

"Q. Did you have to exercise care when you were driving because of the road conditions?

"A. Yes.

"Q. More care than if the roads were dry?

"A. Yes.

"Q. Did you have to exercise more care when you were walking?

"A. Yes. . . .

"Q. So, is it fair to say that before you got to the laundromat, you were aware that things were generally slippery in the Lancaster community?

"A. Yes." *Id.* at 21-22.

Plaintiff arrived at the laundromat at approximately 9:50 a.m. *Id.* at 24. The sidewalk was still snow covered. *Id.* at 25. Approximately 10 a.m., plaintiff left the laundromat to get a cup of coffee. *Id.* at 27. At the outside rear steps, plaintiff slipped at the top of the steps, skidded, lost her balance and fell. *Id.* at 30, 33, 37-39. The rear steps were covered with snow and there were foot marks in the snow. *Id.* at 28, 31. Before going down the steps, plaintiff knew they would be slippery. *Id.* at 32, 46. When she slipped, plaintiff's body moved the snow and she was able to see a smooth ice spot about the size of a dinner plate. *Id.* at 34-35.

As a result of the fall, plaintiff sustained injuries to her right knee, left elbow and left shoulder. *Id.* at 13.

Defendant is responsible for removing snow from the sidewalks at the laundromat. (Deposition of E. Gregory Charles, October 10, 2003, p. 7.) Defendant went to the laundromat to shovel snow at approximately 9 a.m. on January 20, 2002. *Id.* at 7-8. At approximately 10 a.m., defendant was shoveling the sidewalk. *Id.* at 11. By that time, he had already cleared the back steps. *Id.* at 12.

Defendant claims he is entitled to judgment in his favor because plaintiff is unable to establish the elements of her cause of action. Specifically, defendant argues that

the law does not impose liability for generally slippery conditions and that, in order to prevail, plaintiff must show that the property owner allowed the ice and snow to unreasonably accumulate in ridges or elevations. *Morin v. Traveler's Rest Motel Inc.,* 704 A.2d 1085, 1087 (Pa. Super. 1997) (citing *Harmotta v. Bender,* 411 Pa. Super. 371, 601 A.2d 837 (1992)).

The doctrine of "hills and ridges" provides: "that an owner or occupier of land is not liable for general slippery conditions, for to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in this hemisphere. Snow and ice upon a pavement create merely transient danger, and the only duty upon the property owner or tenant is to act within a reasonable time after notice to remove it when it is in a dangerous condition." *Gilligan v. Villanova University,* 401 Pa. Super. 113, 116, 584 A.2d 1005, 1007 (1991).

A prerequisite to the application of the "hills and ridges" doctrine is a finding of generally slippery conditions as opposed to isolated icy patches. *Morin v. Traveler's Rest Motel,* 704 A.2d 1085 (Pa. Super. 1997). Based on plaintiff's statements in her deposition, there is no basis to dispute that generally slippery conditions existed at the time of her fall. It had snowed the previous night, Saturday, and plaintiff went to defendant's laundromat early the following morning.

The "hills and ridges" doctrine applies with equal force to both public and private spaces. See *Wentz v. Pennswood Apartments,* 359 Pa. Super. 1, 518 A.2d 314 (1986). (Appellate courts of this Commonwealth apply the doctrine of "hills and ridges" not only to persons injured from

falling on ice-covered public walks or parking areas, but to situations in which business invitees have fallen on ice-covered private parking areas and walks as well.)

In order to recover for a fall on an ice- or snow-covered sidewalk, a plaintiff must prove (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians traveling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; and (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall. *Heasley v. Carter Lumber,* 843 A.2d 1274 (Pa. Super. 2004).

Plaintiff alleges that she fell on a patch of ice on the back stairs of defendant's business. However, accepting all of her testimony as true, she admits that the stairs were snow covered and that the ice on which she claims to have slipped was smooth. She also knew the stairs would likely be slippery before she ventured out the back door. When asked about the general conditions of the sidewalks in Lancaster at the time, plaintiff responded that they were unclear and wet, and there was snow on a lot of them as "a lot of people hadn't gotten to their sidewalks." Plaintiff also agreed that everything was generally snow covered that morning, as it had snowed the night before.

Plaintiff has failed to point to any facts which would establish that snow and ice had accumulated on the stairs in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians.

In an attempt to avoid the application of the "hills and ridges" doctrine, plaintiff argues that defendant is liable under a general theory of negligence.

Plaintiff cites to the Restatement (Second) of Torts §324A to assert a claim of negligence. However, section 324A is based on a theory of negligence applicable when one renders services to another and harm results to a third person as a result of the actor's negligence. See *Waddell v. Bowers,* 415 Pa. Super. 469, 609 A.2d 847 (1992). In the present case, plaintiff is asserting that defendant owed a duty directly to her. Therefore, the court believes that Restatement (Second) of Torts §323 is the more applicable section.

Restatement (Second) of Torts §323 provides:

"One who undertakes, gratuitously, or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if his failure to exercise such care increases the risk of such harm, or the harm is suffered because of the other's reliance upon the undertaking." Restatement (Second) of Torts §323. (emphasis added)

Because defendant claims to have cleared the steps prior to 10 a.m. when plaintiff states she fell, plaintiff contends that a jury must decide whether defendant had exercised reasonable care.

In ruling on a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. Thus, in this case, plaintiff would have

the court disregard her testimony and accept that of defendant in order to determine that a jury question exists. Plaintiff testified that the steps were snow covered at the time she fell. She now asserts a theory of negligence based on defendant's version of events which directly contradicts her own testimony.

Even if the court were to accept defendant's testimony as true, plaintiff still would not prevail.

In *Morin v. Traveler's Rest Motel,* 704 A.2d 1085 (Pa. Super. 1997), the court dealt with a similar claim of negligence based on Restatement (Second) of Torts §323. In *Morin,* the court specifically held that the defendant was not liable when the plaintiff fell in a parking lot which the defendant had partially salted because there was no evidence to show that the defendant's activities actually increased the natural hazards of the ice, nor was there any evidence tending to demonstrate that the plaintiff relied upon the defendant's snow removal attempts. *Id.*

In this case, as in *Morin,* there is no evidence that any effort made by defendant to remove snow from the steps increased the natural hazard of the snow or ice, nor is there any evidence that plaintiff relied on defendant's clearing the steps. On the contrary, plaintiff's testimony effectively precludes any such reliance. Accordingly, the evidence could not sustain a finding that defendant violated any duty owed to plaintiff in this respect.

Based upon its review of the record and the arguments of counsel, the court concludes that there is no genuine issue of material fact with respect to plaintiff's claim against defendant which must be resolved at trial, and that defendant is entitled to judgment as a matter of law.

Accordingly, the court enters the following:

## ORDER

And now, June 9, 2004, upon consideration of the motion of defendant, E. Gregory Charles, t/d/b/a Charles' Laundry, for summary judgment and the response of plaintiff, Janeen R. Saris, it is ordered that the motion is granted.