J-A05037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PATRICIA STREINER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BAKER RESIDENTIAL OF PENNSYLVANIA, LLC., | |
| Appellee | No. 1253 EDA 2015 |

Appeal from the Order Dated April 2, 2015
In the Court of Common Pleas of Chester County
Civil Division at No(s): No. 2013-08762

BEFORE:  OLSON, J., OTT, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                **FILED JUNE 09, 2016**

Appellant Patricia Streiner appeals from the order entered in the Court of Common Pleas of Chester County granting summary judgment in favor of Appellee Baker Residential of Pennsylvania, LLC.  We affirm.

The lower court provides an apt summary of case history as follows:

PROCEDURAL HISTORY

[Appellant] filed her Complaint on December 12, 2013 alleging: Count I – Negligent Misrepresentation and Failure to Disclose Material Defects; and Count II – Breach of Implied Warranty of Habitability, Reasonable Workmanship and Fitness for Particular Purpose based on alleged defects in the construction of her home.[1] Baker filed its Answer and New Matter on June 6, 2014.

---

[1] Specifically, Appellant averred "[s]ince the time of construction, [Appellant] has become aware of certain structural defects in the Property existing at the time of settlement including, *inter alia*, [twelve alleged defects involving
*(Footnote Continued Next Page)*

*Former Justice specially assigned to the Superior Court.

[Appellant] filed her Answer to Baker's New Matter on September 4, 2014. Baker's Motion for Summary Judgment [attaching its written disclaimer of all implied warranties as contained within the parties' Agreement of Sale] was filed November 3, 2014 and [Appellant]'s response was filed on December 18, 2014. Both parties filed reply briefs and the Court issued the Order which is the subject of this appeal on April 2, 2015. [Appellant] timely filed her appeal on May 1, 2015.

DISCUSSION

[Appellant]'s complaint alleges the following: On or about July 24, 2003, [Appellant] signed an Agreement of Sale (Agreement) for the construction of a single-family residence. Settlement on the property occurred on or about October 1, 2003. Baker (along with co-Defendant Iacoabucci Fortress, LLC) are alleged to be the builders. According to the Complaint "[s]ince the time of construction, [Appellant]s [sic] have [sic] become aware of certain structural defects in the Property existing at the time of settlement . . ." The Complaint then proceeds to list various alleged defects. In support of her claim for Negligent Misrepresentation, [Appellant] merely asserts that: "[d]espite actual knowledge of the failures and omissions of construction stated hereinabove and the material defects which such failures and omissions constituted, defendants failed to disclose the material defects in the Property to [Appellant]s." [Appellant] further alleges that she justifiably relied upon the non-disclosure. In support of her claim for Breach of Implied Warranties, [Appellant] merely alleges that the aforementioned alleged defects breach the implied warranties of habitability, reasonable workmanship and fitness for a particular purpose.

Paragraph 21 of the Agreement states: "All warranty provisions are set forth in the Customer Care Manual delivered to [[Appellant]] prior to execution of this Agreement; by execution of this Agreement, [[Appellant]] acknowledges receipt, review

*(Footnote Continued)* ───────────────

substandard materials, construction methods and/or application of sealants that impaired the Property's ability to repel water properly and, consequently, caused regular and persistent water infiltration damage to the Property of at least $90,000.]" Complaint, filed November 8, 2013, at ¶¶ 17-20.

and acceptance of the terms of said Customer Care Manual. ALL OTHER EXPRESS OR IMPLIED WARRANTIES ARE EXCLUDED, INCLUDING SPECIFICALLY ANY IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, REASONABLE WORKMANSHIP, OR HABITABILITY." (emphasis in original). In addition, [Appellant] applied for and was provided a ten year written warranty ("Home Owner's Warranty") from Western Pacific Mutual Insurance Company [pursuant to the Agreement of Sale]. The application specifically states that [Appellant] understands and agrees that this warranty is provided by Baker in lieu of all other warranties and that Baker "makes no warranty, express or implied as to quality, fitness for a particular purpose, merchantability, habitability, or otherwise . . . ."[2]

Lower Court Opinion, filed June 29, 2015, at 1-2.[3]

---

[2] Specifically, the Home Owner's Warranty provides:

1. **One Year Coverage**: Your Builder warrants that for a period of one (1) year after the Effective Date of Warranty, warranted items will function and operate as presented in the Warrant Standards of Year 1, Section III. A. Coverage is ONLY available where specific Standards and Actions are represented in this Limited Warranty. . . .
2. **Two Year Coverage**: Your Builder warrants that for a period of two (2) years from the Effective Date Of Warranty, specific portion of the heating, cooling, ventilating, electrical and plumbing systems, as defined in this Limited Warranty, will function and operate as presented in the Warranty Standards of Years 1 and 2 only, Section III. B. . . .
3. **Ten Year Coverage**: Major Structural Defects (MSD) are warranted for ten (10) years from the Effective Date of Warranty. Your Builder is the Warrantor during Years 1 and 2 of this Limited Warranty and the Insurer is the Warrantor in Years 3 through 10.

The effective date of the Home Owner's Warranty was October 1, 2003, and the warranty ran for ten years until September 30, 2013, when it expired. Appellant filed the present action on December 12, 2013.

[3] Additionally, Paragraph 22 of the Agreement of Sale provides:

**Entire Agreement.** This writing contains the entire agreement between the parties. No representation, claim, statement,

*(Footnote Continued Next Page)*

In granting Baker's motion for summary judgment, the lower court determined that Appellant filed a response resting upon the mere allegations of her pleadings and had otherwise disclaimed all implied warranties by virtue of clear and specific language contained in the agreement of sale. The court opined:

> With regard to Count I, [Appellant], who bears the burden of proof, has failed to come forward with any factual evidence to support her claim. She has put forth nothing other than the bald assertions in the Complaint which have been referenced above. With regard to Count II, the clauses waiving the implied warranties have been fully set forth above and, despite [Appellant]'s arguments to the contrary, do comply with the criteria set forth in **_Tyus v. Resta_**, 476 A.2d 427 (Pa.Super. 1984).

Opinion at 4. This timely appeal followed.

We set forth our standard of review from the grant of summary judgment:

> A motion for summary judgment should only be granted if there is no genuine issue regarding any material fact, and the moving party is entitled to judgment as a matter of law. An appellate

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

> advertising, promotional activity, brochure or plan of any kind made prior to the date of this Agreement or contemporaneously herewith by the Seller or Seller's agent, representative, salesman or officer shall be binding upon the Seller unless fully set forth herein. No agent, representative, salesman or officer of the parties hereto has the authority to make or has made any statement, agreement, representation or contemporaneous agreement, oral or written , in connection therewith modifying, adding to or changing the terms and conditions set forth herein. No dealing between the parties or customers shall be permitted to delete, contradict, vary or add to the terms thereof. . . .

court may reverse an order granting summary judgment where there is an error of law or an abuse of discretion. Because the question of whether a genuine issue of material fact exists is one of law, appellate review is de novo. In undertaking such review, the record is viewed in the light most favorable to the non-moving party, and all doubts as to whether a genuine issue exists are resolved against the moving party.

*Smith v. Township of Richmond*, 82 A.3d 407, (Pa. 2013) (citation omitted).

Appellant first argues that the lower court erred in granting summary judgment in favor of Baker as to the implied warranty claims because the latent defects present in her home were not "terms, conditions or features of the Agreement of Sale between the parties." Appellant's brief at 9. Such latent defects, Appellant maintains, are not the kind that a consumer would expect in newly constructed home, and they cannot fairly be said, therefore, to have been contemplated in the implied warranty waiver language present in the agreement. We disagree.

Pennsylvania law recognizes an implied warranty of habitability in contracts where builders-vendors sell new homes to residential purchasers. The implied warranty requires that a builder, typically more skilled and experienced in the construction field than the purchaser, bear the risk that a home he built will be functional and habitable in accordance with contemporary and community standards. Although the implied warranty may be waived by clear and unambiguous contract language, such language must be sufficiently particular to inform the home purchaser of the right he or she is waiving. Furthermore, the contract must always be construed against the builder and in order to exclude warranty coverage for latent defects, language of disclaimer must refer to its effect on specifically designated, potential latent defects.

*Pontiere v. Dinert*, 627 A.2d 1204, 1206 (Pa.Super. 1993) (internal quotations and citations omitted).

In concluding the parties' contract sufficiently excluded all implied warranties covering the home, the lower court relied on this Court's decision in *Tyus*, *supra*, in which we recognized that builder-vendors could contractually limit or disclaim implied warranties. The very nature of implied warranties, *Tyus* clarified, is that they pertain only to latent defects, as they do not "extend to defects of which the purchaser had actual notice or which are or should be visible to a reasonably prudent man upon an inspection of the dwelling." *Id.* at 433 (citations omitted). Moreover, "the warranties of habitability and reasonable workmanship are not created by representations of a builder-vendor but rather are implied in law and as such, exist independently of any representations of a builder-vendor[,] *Tyus* explained. *Id.*

Because the contractual clause at issue in *Tyus* was predicated upon representations made by the builder-vendor and made no clear and specific reference to its effect upon implied warranties,[4] we determined that it failed

_____

[4] In *Tyus*, paragraph thirteen of the vendors' contract with the buyers stated in pertinent part:

> Buyer has inspected the property or hereby waives the right to do so and he has agreed to purchase it as a result of such inspection and not because of or in reliance upon any representation made by the Seller ... and that he has agreed to purchase it in its present condition unless otherwise specified

*(Footnote Continued Next Page)*

to disclaim the warranties of habitability and reasonable workmanship implied in the law:

> Thus, the integration clause of paragraph thirteen may be regarded as sufficient to exclude a matter which one of the parties might contend was *in fact* agreed to prior to the signing of the contract. . . . [S]tanding alone, these words are not sufficient to exclude an *implied warranty,* which is applicable only by operation of law. Such an exclusion, if desired by the parties to a contract for the purchase of a residence, should be accompanied by clear, unambiguous language, reflecting the fact that the parties fully intended such result. . . . That is, the integration clause of paragraph thirteen does not constitute a valid limitation of the implied warranties because it fails to explain with particularity its purported effect on implied warranties.
>   Therefore, we hold that when the alleged disclaimer of implied warranties in paragraph thirteen of the parties' contract is strictly construed against the Vendors, the alleged disclaimer fails because it does not refer to its impact on specific, potential latent defects and so does not notify the Buyers of the implied warranty protection they are waiving by signing the contract supplied by the Vendors.

*Id.* at 434-35. (internal citation and quotation marks omitted).

In the case *sub judice*, the disclaimer appearing in Paragraph 21 of the Agreement of Sale, *supra*, clearly, specifically, and, therefore, sufficiently notified Appellant that she was waiving all implied warranty protections by

*(Footnote Continued)* ————————

> herein. It is further understood that this agreement contains the whole agreement between the Seller and the Buyer and there are no other terms, obligations, covenants, representations, statements or conditions, oral or otherwise of any kind whatsoever concerning this sale.

*Id.* at 432.

signing the contract supplied by Baker. By definition, the latent defects of which she now complains are implicitly covered by implied warranties of habitability, workmanship, fitness for a particular purpose, and merchantability, all of which Baker conspicuously disclaimed under the parties' agreement. Therefore, we discern no error in the lower court's pronouncement that Appellant is entitled to no relief on this claim.

Our determination in this regard also defeats Appellant's negligent misrepresentation claim as she presents it on appeal. Appellant predicates this claim on the argument that Baker induced her purchase through both affirmative statements on the quality of the home combined with failures to disclose home quality-compromising material defects of which it should have been aware. Effectively acknowledging, however, that the alleged defects are identical to the those that would be subject to Baker's disclaimer of all implied warranties in the parties' agreement of sale if deemed valid, Appellant argues that she may prevail on the claim because Baker "did not limit or disclaim the implied warranties of workmanship or habitability, and that the aspect of latent defects and specific features of workmanship were neither waived nor excluded." Appellant's brief at 12. Our validation of Baker's disclaimer of all implied warranties undercuts the predicate of Appellant's negligent misrepresentation claim, rendering it devoid of merit.[5]

_____

[5] There exist other bases upon which to affirm summary judgment with respect to Appellant's negligent misrepresentation claim. First, the claim,
*(Footnote Continued Next Page)*

J-A05037-16

*(Footnote Continued)* ───────

based as it is on pre-contractual statements and nondisclosures allegedly made by Baker, would fail under the parole evidence rule, which provides as follows:

> where the parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only evidence of their agreement; that all preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract; and that unless fraud, accident, or mistake be averred, the writing constitutes the agreement between the parties, and its terms cannot be added to nor subtracted from by parol evidence.

***Toy v. Metropolitan Life Ins. Co.***, 928 A.2d 186, 204 (Pa. 2007) (quotation marks and citation omitted). "Once a writing is determined to be the parties' entire contract, the parol evidence rule applies and evidence of any previous oral or written negotiations or agreements involving the same subject matter as the contract is almost always inadmissible to explain or vary the terms of the contract." ***Youndt v. First Nat. Bank of Port Allegany***, 868 A.2d 539, 546 (Pa.Super. 2005) (quoting ***Yocca v. Pittsburgh Steelers Sports***, *Inc.,* 854 A.2d 425, 436 (Pa. 2004)).

The parties' written contract makes plain that no implied warranty applied to the home. Accordingly, the parole evidence rule bars Appellant's attempt to avoid the disclaimer through invocation of pre-contractual conversations, during which Baker's agents allegedly misrepresented through statement and omission the construction quality of the home. Relatedly, Appellant fails to direct us to any other language in the contract amounting to an express warranty that would contradict or undermine the disclaimer of implied warranties, and so she may not prevail on this ground, either. ***See***, ***e.g.***, ***Morningstar v. Hallett***, 858 A.2d 125, 131 (Pa.Super. 2004) (holding where contract contained terms creating express warranty as to age of horse to be delivered, "as is" clause elsewhere in contract could not disclaim that express warranty).

Second, Appellant posits that she adequately supported her claim with allegations that Baker failed to disclose material defects within the home it built and, ultimately, sold to her. We disagree. In her complaint, she averred Baker "failed to disclose the material defects in the Property to plaintiffs . . . despite actual knowledge of the failures and omissions of construction . . . [and] under circumstances in which such defendants ought to have known the existence of such defects and yet failed to disclose the same recklessly or for failure to make a reasonable investigation concerning the nature of the Property they were selling." Complaint, at ¶¶ 22 and 23.

*(Footnote Continued Next Page)*

In her final claim, Appellant asserts the disclaimer of warranties and accompanying warranty application she opted to complete as part of the Agreement of Sale together formed an unconscionable contract of adhesion. She contends she was given no opportunity to challenge or change the operative terms of the referenced documents, which, she insists, were

---

*(Footnote Continued)* ─────────────

Appellant echoed a similar boilerplate averment, without providing specific evidence of fact, in her Response to Baker's motion for summary judgment, which averred Appellant failed to provide any specific facts to establish her claim of negligent misrepresentation. Specifically, in her Response Appellant asserted she "justifiably relied upon and reasonably believed the representations of the Defendant and their agents with regard to the quality of the new house being sold to her." Response, filed December 18, 2014, at 15.

> Where a motion for summary judgment is based upon insufficient evidence of facts, the adverse party must come forward with evidence essential to preserve the cause of action. If the non-moving party fails to come forward with sufficient evidence to establish or contest a material issue to the case, the moving party is entitled to judgment as a matter of law. The non-moving party must adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof such that a jury could return a verdict favorable to the non-moving party.

*McCarthy v. Dan Lepore & Sons Co.*, 724 A.2d 938, 940 (Pa.Super. 1998) (citation omitted). *Accord Swarner v. Mut. Ben. Grp.*, 72 A.3d 641, 651 (Pa.Super. 2013) (recognizing Rule 1035.2 obligation placed on non-movant plaintiff to offer proof of injuries to avoid entry of summary judgment where defendant's motion for summary judgment alleged failure to produce any evidence). Consistent with this authority, we would find Appellant failed to produce essential, specific factual support for her claim to avoid summary judgment, as Baker's motion presented documentary support in opposition to the negligent misrepresentation claim and otherwise challenged Appellant to support her claim with evidence of fact.

presented in a "take it or leave it" fashion by a party more sophisticated in such matters than she. Her choice, she maintains, was to either accept the contractual terms and conditions—which, she claims consisted of uncommon language—or, instead, to walk away from the transaction.

"An adhesion contract is a 'standard-form contract prepared by one party, to be signed by the party in a weaker position, usu[ally] a consumer, who adheres to the contract with little choice about the terms.'" **Chepkevich v. Hidden Valley Resor**t, L.P., 2 A.3d 1174, 1190 (Pa. 2010) (*quoting* Black's Law Dictionary (8th Ed.2004), p. 342). "[T]he determination that an adhesion contract is at issue, by definition fulfills the second prong of the unconscionability test." **McNulty v. H & R Block, Inc.**, 843 A.2d 1267, 1273 n.6 (Pa.Super. 2004) ("[a] determination of unconscionability requires a two-fold determination: 1) that the contractual terms are unreasonably favorable to the drafter, and 2) that there is no meaningful choice on the part of the other party regarding the acceptance of the provisions.").

We discern nothing unconscionable about the warranty disclaimer and accompanying warranty in the Agreement of Sale. Both types of instruments are fairly commonplace, the disclaimer and warranty at issue contain standard language for instruments of their respective kind, and they contain no unusual or unexpected terms or conditions that would prove difficult to understand. Nor do we find the contract unreasonably favorable to Baker as the seller/drafter, as the warranty supplied to Appellant as part

of the agreement afforded her substantive protections against various malfunctions and defects to her home over the course of ten years. Because the parties' contract was not unconscionable, this claim fails.

Order is affirmed.

Judge Ott joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2016